ROBERT A. DOLINKO (State Bar No. 076256)
rdolinko@nixonpeabody.com
CHARLES M. DYKE (State Bar No. 183900)
cdyke@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero; Suite 1800
San Francisco, CA 94111
Telephone:  (415) 984-8200
Facsimile:   (415) 984-8300

Attorneys for Defendants
HERTZ LOCAL EDITION CORP.; THE
HERTZ CORPORATION; HERTZ GLOBAL HOLDINGS, INC.
HERTZ GLOBAL SERVICES CORP.; and HERTZ LOCAL EDITION
TRANSPORTING, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMY JOHNSTON, on behalf of herself and all others similarly situated,<br><br>           Plaintiffs,<br><br>      v.<br><br>THE HERTZ CORPORATION, a Delaware Corporation; HERTZ LOCAL EDITION CORP., a Delaware Corporation; HERTZ LOCAL EDITION TRANSPORTING, INC., a Delaware Corporation; HERTZ GLOBAL SERVICES CORPORATION, a Delaware Corporation; HERTZ GLOBAL HOLDINGS, INC., a Delaware Corporation and DOES 1 to 50, inclusive,<br><br>           Defendants | Case No.:<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(d) AND 28 U.S.C. § 1441; EXHIBITS; and DECLARATIONS** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF EMY JOHNSTON AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Hertz Local Edition Corporation ("HLE"), The Hertz Corporation ("Hertz") Hertz Global Holdings, Inc., Hertz Global Services Corp.; and Hertz Local Edition Transporting, Inc. (jointly "Defendants) file this Notice of Removal.  They are all the defendants who have been served in the action.  The above-entitled case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) and is one that may be properly removed to this Court pursuant to 28 U.S.C. § 1441.  In compliance with 28 U.S.C. § 1446(a), Defendants assert the following grounds for removal:

1.    On or about August 10, 2017, Plaintiff Emy Johnston ("Plaintiff") commenced the aforementioned action against Defendants by filing a Class Action Complaint in the Superior Court of the State of California, County of Nevada, entitled *Johnston, et al. v. The Hertz Corporation, et al.,* Case No. CU17-082392 (hereinafter the "State Court Action").  A First Amended Complaint was filed on August 23, 2017.

2.    True and correct copies of Plaintiff's Summons and Class Action Complaint and First Amended Complaint, along with the papers which accompanied those Complaints, are attached as Exhibit A hereto.

3.    Defendants initially received the Summons, initial Complaint and First Amended Complaint by personal service on their agent for service of process on August 24 and 25, 2017.  None of the defendants was served with any Summons or Complaint in this litigation before August 24, 2017.

4.    On September 19, 2017, Defendants filed in the State Court their Answer to the First Amended Complaint, as required by the California Code of Civil Procedure.  A true and correct copy of the Answer is attached hereto as Exhibit B and is incorporated herein by this reference as if set forth in full.

5.      Defendants have not filed, served or received any papers or pleadings in the State Court Action other than those attached hereto as Exhibits A and B.

6.      This Notice is timely filed in that it is filed within thirty days of initial service of the Summons, Complaint and First Amended Complaint (hereafter "Complaint") on the first served Defendant.

**Citizenship of Parties**

7.      Plaintiff Emy Johnston is, and was at the time this lawsuit was commenced, a citizen of the State of Nevada.  (*See* Declaration of Sara Earls ["Earls Decl."] at ¶ 8, which is attached hereto as Exhibit C.)

8.      Each and every Defendant is, and was at the time this lawsuit was commenced, a Delaware corporation with its corporate headquarters and principal place of business in the State of Florida.  Each and every Defendant was not and is not a citizen of the State of California or Nevada (as discussed more fully below).  Thus, Plaintiff is a "citizen of a State different from" each and every Defendant under the 28 U.S.C. § 1332(a).  (Earls Decl. ¶¶ 3-7.)

9.      In summary, each named Defendant is headquartered in Estero, Florida.  The high-ranking officers of each named Defendant maintain their offices there and direct and control the operations of each Defendant from that place of business.  There is no doubt that Florida, and not California or Nevada, is the principal place of business for each named Defendant.  *See also Hertz v. Friend*, 559 U.S. 77, 130 S. Ct. 1181 (2010) (court clarified that state where corporate headquarters is located is state which has its principal place of business).

**Removal Under Class Action Fairness Act**

10.      This action is removable under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), *et seq*.  The CAFA provides that the district courts "shall have original jurisdiction" over "a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §

1332(d)(2)(A).  The Class Action Complaint states that the nature of the action is "a class action" brought by Plaintiff Johnston.  (Compl. *passim*.)  As noted above, Plaintiff Johnston is a citizen of the State of Nevada.

11.    Also as set forth above, all five named Defendants are Delaware corporations with their corporate headquarters and principal places of business in the State of Florida.  Each and every Defendant was not and is not a citizen of the State of California or the State of Nevada.  Thus, Plaintiff is a "citizen of a State different from" any of the Defendants under the CAFA.  28 U.S.C. § 1332(d)(2)(A).

12.    The CAFA requires that the putative class must have 100 or more class members for the district court to exercise jurisdiction.  28 U.S.C. § 1332(d)(5)(B).  Plaintiff purportedly seeks to represent a class of "All persons employed by Defendants in California as salaried location managers, at any time during the period beginning four years prior to the filing of this action …." (Compl., ¶14.)  During the period 2012 through her resignation in March 2017, Plaintiff was employed only by HLE and not by any of the other Defendants – and her title as a salaried employee throughout that time was "Branch Manager."

13.    Plaintiff and the class of HLE Managers she purports to represent seek overtime pay for all hours worked in excess of 8 in a day or 40 in a week, double-time pay, premium pay for meal and rest periods that were not provided, civil penalties for erroneous paycheck stubs, and penalties for members of the putative class whose employment was terminated from employment with Defendants.

14.    There are 321 individuals (inclusive of current and former employees) who have worked for HLE as Branch Managers in California since August 10, 2013.  (*See* Declaration of Tia James ["James Decl."] at ¶ 5, which is attached hereto as Exhibit D.)  Thus, there are far more than the minimum 100 putative class members required by the CAFA for federal jurisdiction.  28 U.S.C. § 1332(d)(5)(B).

-4-

15.    The CAFA further requires that, for the district court to exercise jurisdiction, the matter in controversy must "excee[d] the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  When determining the amount in controversy, "the claims of the class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

16.    Plaintiff, on behalf of the putative classes, alleges she and the class are entitled to recover (among other things): (1) unpaid wages; (2) restitution; (3) statutory penalties pursuant to California Labor Code Sections 203, etc.; (4) premium wages for meal periods and rest periods that were never provided; and (5) attorneys' fees.  (Compl., Prayer for Relief.)  The value of each of these items is to be included in the amount in controversy in the State Court Action under the CAFA. *Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 449 (7th Cir. 2005) (punitive damages); *Yeroushalmi v. Blockbuster, Inc*., 2005 WL 2083008, at *4-5 (C.D. Cal. July 11, 2005) (compensatory damages, punitive damages, attorneys' fees, and injunctive relief);  *Berry v. American Express Publ'g Corp*., 381 F. Supp. 2d 1118, 1123-1124 (C.D.Cal. 2005) (injunctive relief); *Rippee v. Boston Market Corp*., 2005 U.S. Dist. LEXIS 39478, at *8 (S.D.Cal. Oct. 14, 2005) (Labor Code penalties).

17.    Defendants deny that Plaintiff and the class she purports to represent are entitled to either class certification or any recovery in this action and, by filing this Notice of Removal, Defendants do not waive any defenses that may otherwise be available to them.  Without waiving this position, and in light of the allegations of Plaintiff's Complaint, Defendants' potential liability is as follows with respect to just a few of Plaintiff's causes of action measured from August 10, 2013 to August 10, 2017 (unless otherwise stated):

a.    For alleged penalties under Labor Code § 226, for the period August 10, 2016 through August 10, 2017, which are a maximum of $4,000 per putative class member, the amount is approximately **$370,700** (*i.e.*, $100 per wage

statement x 3,707 bi-weekly wage statements during the one year period equals $370,700.00).  (James Decl. ¶ 6.)

b.    For "waiting time penalties" under Labor Code § 203 with respect to the California BMs whose employment terminated between August 10, 2014 and August 10, 2017, the potential liability to Defendants is approximately **$587,100.00**.  That number is computed by taking a conservative average wage of $20.60 per hour x 8 hours plus $30.90 for one hour of overtime per day to obtain an average daily rate of $195.70.  (James Decl. ¶ 5; Declaration of Julie Ashley ["Ashley Decl."] at ¶ 4, which is attached hereto as Exhibit E.)  Section 203 penalties are computed by multiplying the daily rate times 30 days of alleged penalties.  Thus, $195.70 x 30 days of penalties x 100 terminated Branch Managers for the three-year period equals $587,100.00.  (James Decl. ¶ 4.)

c.    The Complaint fairly may be read to allege that Plaintiff and all putative class members were deprived of the opportunity to take any of the five meal breaks and 10 rest breaks per work week required by law.  ("Due to their workload, Plaintiff and the Class Members did not have enough time to take duty-free rest breaks [Complaint ¶ 41] [or] … meal breaks." [Complaint ¶ 51])  However, even assuming that the putative class members only missed just one meal or rest break each workday, the potential liability for this claim is **$2,918,680.00**.  This is calculated by taking the conservative average wage rate of $20.60 per hour x 5 missed meal or rest breaks per week x 28,336 work weeks that were worked by the putative class members.  (James Decl. ¶¶ 3–5.)

d.    For alleged unpaid overtime to the putative class members during the four years prior to the filing of the lawsuit (the alleged class period), the potential liability to Defendants is at least approximately **$4,377,912.00**.  This is calculated by taking a conservative figure of 5 hours of overtime per Branch Manager per week multiplied by the conservative average overtime wage rate of

$30.90 per hour multiplied by the 28,336 weeks worked by all class members during the class period of August 10, 2013 through August 10, 2017. (James Decl. ¶¶ 3 - 5; Ashley Decl. ¶ 4.)

        e.    It is well-established that recoverable attorney's fees should be included for purposes of determining whether CAFA's amount in controversy requirements have been met in a wage-and-hour class actions. *See Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007); *Dittmar*, 2015 U.S. Dist. LEXIS 154809, at \*13; *Fong v. Regis Corp.*, 2014 U.S. Dist. LEXIS 275, at \*23 (N.D. Cal. Jan. 2, 2014) ("Courts in this circuit have held that . . . removing defendants can reasonably assume that plaintiffs are entitled to attorney fees valued at approximately twenty-five percent of the projected damages." *See also Dittmar*, 2015 U.S. Dist. LEXIS 154809, at \*13-14 (citing *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees.")); *Ford*, 2014 U.S. Dist. LEXIS 94059, at \*6 (citing *Staton*). Accordingly, 25 percent of the total of the sum of the amounts above, or **$2,063,598.00**, must be added to the amount in controversy.

    19.    The foregoing amounts, which total **$10,317,990.00,** do not include the value of injunctive relief. Plainly, the amount in dispute exceeds the $5,000,000 threshold required under the CAFA by a preponderance of the evidence. *Rodriguez v. AT&T Mobility Services LLC,* 2013 Daily Journal D.A.R. 11551, 11554 (9th Cir. August 28, 2013) (court expressly rejected and overruled the "legal certainty" standard created in *Lowdermilk v. U.S. Bank Nat. Assoc.*, 479 F.3d 994 (9th Cir. 2007) and held that "[a] Defendant seeking removal of a putative class action [pursuant to the CAFA] must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum").

    20.    While Defendants maintain Plaintiff's claims are without merit and they are not liable to Plaintiff or the purported class in any amount, for all of the

foregoing reasons, Defendants respectfully submit that the State Court Action is removable to this Court under 28 U.S.C. §§ 1332(d) and 1441(b). Accordingly, Defendants pray that this action stand and remain removed from the Superior Court of the State of California for the County of Nevada to this Court.

Dated:  September 21, 2017         NIXON PEABODY LLP


                                   By:   /s/ Robert A. Dolinko
                                       Robert A. Dolinko
                                       Charles M. Dyke
                                       Attorneys for Defendants
                                       HERTZ LOCAL EDITION CORP.; THE
                                       HERTZ CORPORATION; HERTZ
                                       GLOBAL HOLDINGS, INC.; HERTZ
                                       GLOBAL SERVICES CORP.; and HERTZ
                                       LOCAL EDITION TRANSPORTING, INC.

# EXHIBIT A

**SUMMONS** on First Amended Complaint
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**

AUG 23 2017 ᵀᴬ

NEVADA COUNTY
SUPERIOR COURTS

**NOTICE TO DEFENDANT:** THE HERTZ CORPORATION, a Delaware
*(AVISO AL DEMANDADO):* corporation; HERTZ LOCAL EDITION CORP., a
Delaware corporation; HERTZ LOCAL EDITION TRANSPORTING, INC., a
Delaware corporation; HERTZ GLOBAL SERVICES CORPORATION, a Delaware
Additional Parties Attachment form is attached.
**YOU ARE BEING SUED BY PLAINTIFF:** EMY JOHNSTON, on behalf of herself,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* and all others similarly situated,
and as an "aggrieved employee" on behalf of other "aggrieved employees" under the
Labor Code Private Attorneys General Act of 2004,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Nevada
201 Church Street
Nevada City, California 95959

CASE NUMBER:
*(Número del Caso):*
CU17-082392

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: David Spivak, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Suite 312, Encino, CA 91436

DATE:                                           Clerk, by                                       , Deputy
*(Fecha)* AUG 23 2017    *(Secretario)* **T. Appleby**                    *(Adjunto)*

818-582-3086

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* THE HERTZ CORPORATION, a Delaware corporation

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

SUM-200(A)

| SHORT TITLE: JOHNSTON, et al. v. THE HERTZ CORPORATION, et al. | CASE NUMBER:<br>CU17-082392 |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

corporation; HERTZ GLOBAL HOLDINGS, INC., a Delaware corporation; and DOES 1 through 50, inclusive.

Page ___I___ of ___I___

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Westlaw Doc & Form Builder

*9/4/17 @BPM*

**SUMMONS** on First Amended Complaint
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:** THE HERTZ CORPORATION. a Delaware
**(AVISO AL DEMANDADO):** corporation; HERTZ LOCAL EDITION CORP.. a
Delaware corporation; HERTZ LOCAL EDITION TRANSPORTING. INC.. a
Delaware corporation; HERTZ GLOBAL SERVICES CORPORATION. a Delaware
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:** EMY JOHNSTON. on behalf of herself.
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** and all others similarly situated.
and as an "aggrieved employee" on behalf of other "aggrieved employees" under the
Labor Code Private Attorneys General Act of 2004.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**

AUG 23 2017 ᵀᴬ

NEVADA COUNTY
SUPERIOR COURTS

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Superior Court of California, County of Nevada<br>201 Church Street<br>Nevada City, California 95959 | CASE NUMBER: CU17-082392<br>(Número del Caso): |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: David Spivak, Esq.
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
THE SPIVAK LAW FIRM
16530 Ventura Blvd.. Suite 312, Encino, CA 91436

| | | | |
|---|---|---|---|
| DATE:<br>(Fecha) AUG 23 2017 | Clerk, by<br>(Secretario) **T. Appleby** | 818-582-3086 | , Deputy<br>(Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

NEVADA COUNTY SUPERIOR COURT
SUPERIOR
COURT
COUNTY OF NEVADA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): HERTZ LOCAL EDITION CORP.. a Delaware corporation
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]    SUMMONS    Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

SUM-200(A)

| SHORT TITLE: JOHNSTON, et al. v. THE HERTZ CORPORATION, et al. | CASE NUMBER:<br>CU17-082392 |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

corporation; HERTZ GLOBAL HOLDINGS, INC., a Delaware corporation; and DOES 1 through 50, inclusive.

Page ___I___ of ___I___

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons .

Westlaw Doc & Form Builder

**SUMMONS** on First Amended Complaint
**(CITACION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** THE HERTZ CORPORATION. a Delaware
**(AVISO AL DEMANDADO):** corporation: HERTZ LOCAL EDITION CORP.. a
Delaware corporation: HERTZ LOCAL EDITION TRANSPORTING, INC., a
Delaware corporation: HERTZ GLOBAL SERVICES CORPORATION. a Delaware
Additional Parties Attachment form is attached.
**YOU ARE BEING SUED BY PLAINTIFF:** EMY JOHNSTON, on behalf of herself,
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** and all others similarly situated.
and as an "aggrieved employee" on behalf of other "aggrieved employees" under the
Labor Code Private Attorneys General Act of 2004.

FILED

AUG 23 2017 ᵀᴬ

NEVADA COUNTY
SUPERIOR COURTS

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: CU17-082392 |
|---|---|
| (El nombre y dirección de la corte es): | (Número del Caso): |

Superior Court of California, County of Nevada
201 Church Street
Nevada City, California 95959

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: David Spivak, Esq.
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Suite 312, Encino, CA 91436                                        818-582-3086

DATE:         AUG 23 2017                  Clerk, by     **T. Appleby**              , Deputy
(Fecha)                                    (Secretario)                               (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): HERTZ LOCAL EDITION TRANSPORTING, INC., a Delaware corporation

under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [ ] by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

SUM-200(A)

| SHORT TITLE: JOHNSTON, et al. v. THE HERTZ CORPORATION, et al. | CASE NUMBER: CU17-082392 |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff      ☒ Defendant      ☐ Cross-Complainant      ☐ Cross-Defendant

corporation; HERTZ GLOBAL HOLDINGS, INC., a Delaware corporation; and DOES 1 through 50, inclusive.

Page ___|___ of ___|___

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Westlaw Doc & Form Builder

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

AUG 10 2017 rd

NEVADA COUNTY
SUPERIOR COURTS

**NOTICE TO DEFENDANT:** THE HERTZ CORPORATION, a Delaware
**(AVISO AL DEMANDADO):** corporation; HERTZ LOCAL EDITION CORP., a
Delaware corporation; HERTZ LOCAL EDITION TRANSPORTING, INC., a
Delaware corporation; HERTZ GLOBAL SERVICES CORPORATION, a Delaware
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
EMY JOHNSTON, on behalf of herself, and all others similarly situated,

FILED BY FACSIMILE

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:        CASE NUMBER:
(El nombre y dirección de la corte es):        (Número del Caso):        CU17-082392
Superior Court of California, County of Nevada
201 Church Street
Nevada City, California 95959
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: David Spivak, Esq.
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Suite 312, Encino, CA 91436        818-582-3086

DATE:        Clerk, by        T. Appleby        , Deputy
(Fecha)    AUG 10 2017        (Secretario)        (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):    Hertz Global Services Corporation
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date):    8/25/17

[SEAL]
NEVADA COUNTY SUPERIOR COURT
● ● ●
COURT

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

Page 1 of 1

SUM-200(A)

| SHORT TITLE: JOHNSTON, et al. v. THE HERTZ CORPORATION, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

corporation; HERTZ GLOBAL HOLDINGS, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Westlaw Doc & Form Builder™

**SUM-100**

# SUMMONS
## (CITATION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:** THE HERTZ CORPORATION, a Delaware **(AVISO AL DEMANDADO):** corporation; HERTZ LOCAL EDITION CORP., a Delaware corporation; HERTZ LOCAL EDITION TRANSPORTING, INC., a Delaware corporation; HERTZ GLOBAL SERVICES CORPORATION, a Delaware Additional Parties Attachment form is attached. **YOU ARE BEING SUED BY PLAINTIFF:** **(LO ESTÁ DEMANDANDO EL DEMANDANTE):** EMY JOHNSTON, on behalf of herself, and all others similarly situated, | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)*  **FILED** AUG 10 2017 ᵀⁿ NEVADA COUNTY SUPERIOR COURTS |

**FILED BY FACSIMILE**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of Nevada 201 Church Street Nevada City, California 95959 | CASE NUMBER: *(Número del Caso):* **CU17-082392** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: David Spivak, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Suite 312, Encino, CA 91436    818-582-3086

| DATE: *(Fecha)* AUG 10 2017 | Clerk, by **T. Appleby** *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Hertz Global Holdings Inc.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 8/25/17

[SEAL] NEVADA COUNTY SUPERIOR COURT ◆ ◆ ◆ COURT STATE OF CAL.

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 455
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

SUM-200(A)

| SHORT TITLE: JOHNSTON, et al. v. THE HERTZ CORPORATION, et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

corporation; HERTZ GLOBAL HOLDINGS, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

Page 1 of 1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Westlaw Doc & Form Builder

CM-010

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* | **FOR COURT USE ONLY** |
|---|---|
| David Spivak, Esq.          SBN: 179684 <br> THE SPIVAK LAW FIRM <br> 16530 Ventura Blvd., Suite 312, Encino, CA 91436 <br> TELEPHONE NO.: 818-582-3086     FAX NO.: 818-582-2561 <br> ATTORNEY FOR *(Name):* Emy Johnston | **FILED** <br><br> AUG 10 2017 <br><br> NEVADA COUNTY <br> SUPERIOR COURTS |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF NEVADA**
STREET ADDRESS: 201 Church Street
MAILING ADDRESS: 201 Church Street
CITY AND ZIP CODE: Nevada City, 95959
BRANCH NAME: Nevada City Courthouse

CASE NAME: EMY JOHNSTON, et al. v. THE HERTZ CORPORATION, a Delaware corporation, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited <br> (Amount demanded exceeds $25,000) | [ ] Limited <br> (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder <br><br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CV17-082392 <br><br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 10, 2017

David Spivak, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
      *or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-*
    *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

1   DAVID G. SPIVAK (SBN 179684)
    david@spivaklaw.com
2   CAROLINE TAHMASSIAN (SBN 285680)
    caroline@spivaklaw.com
3   THE SPIVAK LAW FIRM
4   16530 Ventura Blvd., Ste 312
    Encino, CA 91436
5   Telephone (818) 582-3086
    Facsimile (818) 582-2561
6

7   Attorneys for Plaintiff,
    EMY JOHNSTON, and all others similarly situated
8   (additional attorneys listed on next page)

9

10          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11              **FOR THE COUNTY OF NEVADA**
                    *(UNLIMITED JURISDICTION)*
12

13  EMY JOHNSTON, on behalf of herself, and all        Case No.: **CU17-082392**
    others similarly situated,
14
                                                        **CLASS ACTION**
15          *Plaintiff(s),*
                                                        **COMPLAINT FOR:**
16          vs.                                         1.  Unpaid Overtime Wages (Lab. Code §§
                                                            510, 1194, and 1198);
17  THE HERTZ CORPORATION, a Delaware                   2.  Failure to Provide Rest Breaks (Lab. Code
18  corporation; HERTZ LOCAL EDITION CORP.                  §§ 226.7 and 1198);
    a Delaware corporation; HERTZ LOCAL               3.  Failure to Provide Meal Periods (Lab.
19  EDITION TRANSPORTING, INC., a Delaware                  Code §§ 226.7, 512 and 1198);
    corporation; HERTZ GLOBAL SERVICES                 4.  Failure to Indemnify (Lab. Code § 2802);
20  CORPORATION, a Delaware corporation;               5.  Wage Statement Penalties (Lab. Code §
21  HERTZ GLOBAL HOLDINGS, INC., a                         226);
    Delaware corporation; and DOES 1 through 50,       6.  Waiting Time Penalties (Lab. Code §§
22  inclusive,                                             201–203); and
                                                        7.  Unfair Competition (Bus. & Prof. Code §§
23          *Defendant(s).*                                17200, *et seq.*).
24
25                                                      **JURY TRIAL DEMANDED**

26
27                              **FILED BY FACSIMILE**
28

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

                                        1

*Johnston v. The Hertz Corporation, et al.*                                    Complaint

**ADDITIONAL ATTORNEY FOR PLAINTIFF**

WALTER HAINES (SBN 71075)
        walter@whaines.com
UNITED EMPLOYEES LAW GROUP
5500 Bolsa Ave, Suite 201
Huntington Beach, CA 92649
Telephone:      (888) 474-7242
Facsimile:      (562) 256-1006

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

Johnston v. The Hertz Corporation, et al.

Complaint

Plaintiff EMY JOHNSTON (hereafter "Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this class action based on alleged violations of the California Labor Code, Industrial Welfare Commission Order No. 9-2001 (hereafter "the Wage Order"), and the Business and Professions Code against defendants THE HERTZ CORPORATION, HERTZ LOCAL EDITION CORP., HERTZ LOCAL EDITION TRANSPORTING, INC., HERTZ GLOBAL SERVICES CORPORATION, HERTZ GLOBAL HOLDINGS, INC., and Does 1-50, inclusive (collectively "Defendants").

2.    As set forth in more detail below, Plaintiff alleges that Defendants are liable to her and other similarly situated current and former employees for unpaid wages and other related relief. These claims are based on Defendants' alleged failures to (1) provide all rest and meal periods, (2) pay overtime wages, (3) indemnify for all business expenses, (4) fairly compete, (5) provide accurate written wage statements, and (6) timely pay final wages upon termination of employment. Accordingly, Plaintiff now seeks to recover unpaid wages and related relief through this class action.

## PARTIES

3.    Defendants continuously employed Plaintiff over six years as a salaried location manager at their Truckee, California location until approximately March of 2017 when Plaintiff resigned from her employment.

4.    Defendant THE HERTZ CORPORATION is a corporation organized under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

5.    Defendant HERTZ LOCAL EDITION CORP. is a corporation organized under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

6.    Defendant HERTZ LOCAL EDITION TRANSPORTING, INC. is a corporation organized under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

7.    Defendant HERTZ GLOBAL SERVICES CORPORATION is a corporation organized under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

8.    Defendant HERTZ GLOBAL HOLDINGS, INC. is a corporation organized

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3063 Tel
(818) 582-2561 Fax
SpivakLaw.com

3

under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

9.    Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as DOES 1-50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the complaint to allege the true names and capacities of the DOE defendants when ascertained.

10.    Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

11.    At all relevant times, in perpetrating the acts and omissions alleged herein, defendants, and each of them, acted pursuant to and in furtherance of a policy, practice, or a lack of a practice which resulted in Defendants not paying Plaintiff and other members of the below-described classes in accordance with applicable California labor laws as alleged herein.

12.    Plaintiff is informed and believes and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## CLASS ACTION ALLEGATIONS

13.    This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

14.    **Class Definition:**    The class is defined as follows: All persons employed by Defendants in California as salaried location managers, and in other comparable positions, at any time during the period beginning four years prior to the filling of this action and ending on



S P I V A K  L A W

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

4

the date that final judgment is entered in this action.

15. **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definition with greater specificity, by further division into subclasses and/or by limitation to particular issues.

16. **Numerosity:** The Class Members are so numerous that the individual joinder of each individual Class Member is impractical. While Plaintiff does not currently know the exact number of Class Members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

17. **Commonality and Predominance:** Common questions of law and fact exist as to all Class Members and predominate over any questions which affect only individual Class Members. These questions include, but are not limited to:

A.      Whether Defendants failed to provide the class with all rest periods as required by section 12 of the Wage Order?

B.      Whether Defendants failed to provide the class with all meal periods as required by section 11 of the Wage Order?

C.      Whether Defendants failed to pay overtime rates to the class for overtime hours worked?

D.      Whether Defendants failed to indemnify the class for all business expenses?

E.      Whether Defendants engaged in unfair competition within the meaning of Business and Professions Code §§ 17200, *et seq.*, with respect to the class?

F.      Whether Defendants knowingly and intentionally failed to provide the class with accurate wage statements?

G.      Whether Defendants willfully failed to provide the class with timely final wages?

18. **Typicality:** Plaintiff's claims are typical of the other Class Members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy which resulted in Defendants failing to comply with the California Labor Code and the Business and Professions Code as alleged herein.

19. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that she has no interests that are adverse to, or otherwise in conflict with, the interests of

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

5

*Johnson v. The Hertz Corporation, et al.*                                    Complaint

absent Class Members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of Class Members. Plaintiff will fairly and adequately represent and protect the interests of Class Members.

20.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent Class Members, are experienced in wage and hour class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent Class Members.

21.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of Class Members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual Class Members are likely to be relatively small and would thus make it difficult, if not impossible, for individual Class Members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting Class Members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

### (Lab. Code §§ 510, 1194, and 1198)

### (By Plaintiff and the Class against all Defendants)

22.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

23.    At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 510 and 1194, and the Wage Order.

24.    In relevant part, Section 3 of the Wage Order states,

(A)    Daily Overtime - General Provisions

(1)    The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivaklaw.com

*Johnston v. The Hertz Corporation, et al.*                                                                    Complaint

employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a)    One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b)    Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

25.    In relevant part, California Labor Code § 510 states,

"Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

26.    California Labor Code § 1194 makes it unlawful for employers to pay non-exempt employees less than legal overtime rates notwithstanding any agreements to the contrary.

27.    Labor Code § 1198 prohibits employers from employing their employees under conditions prohibited by the Wage Order.

28.    At all relevant times, Defendants paid Plaintiff and the Class Members a salary on a bi-weekly basis. Plaintiff and the Class Members at all relevant times worked over eight hours in one workday and over 40 hours in one workweek. Defendants, however, misclassified them as exempt salaried employees and failed to pay them for such hours at the legally required rates for overtime work in California.

29.    Further, Plaintiff and the Class Members spent more than fifty percent of their

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

7

Johnston v. The Hertz Corporation, et al.                                    Complaint

time performing non-exempt duties such as answering phone calls, making reservations for the customers, cleaning cars, clearing the office, picking up customers, and taking the cars for an oil change or picking them up from impounds.

30.    Plaintiff and the Class Members were not exempt employees as defined by the Wage Order. They did not customarily and regularly direct the work of two or more other employees at all times. § 1(A)(1). Their duties were also not administrative in nature because they did not primarily engage in work "directly related to management policies or general business operations of" Defendants as required by the Wage Order. § 1(A)(2). They also did not "customarily and regularly exercise[] discretion and independent judgement" in the performance of their work duties. §§ 1(A)(1)(d), 1(A)(2)(b). At all relevant times, Plaintiff and the Class Members were also not overtime-exempt inside or outside salespersons. §§ 1(C) and 2(J). Despite this, Defendants intentionally misclassified Plaintiff and the Class Members as exempt employees.

31.    Defendants also failed to pay Plaintiff and the Class Members with a monthly salary equivalent of at least two (2) times California minimum wage at all relevant times. For example, for the majority of 2016, Defendants compensated Plaintiff with an annual salary of $40,000.22 or approximately $19.23 per hour [($40,000.22/52)/40=$19.23]. The California minimum wage has been $10.00 per hour since January 1, 2016.

32.    At all relevant times, Defendants failed to compensate Plaintiff for overtime hours worked at overtime rates by not compensating her for all hours worked in excess of eight hours in one day or forty hours in one workweek. Additionally, at all relevant times during the applicable limitations period, Defendants failed to compensate Plaintiff at overtime rates of two times her regular rate of pay for all hours worked in excess of twelve hours in one workday.

33.    Plaintiff is informed and believes and thereon alleges that, at relevant times, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants' failure to compensate the class overtime hours worked at overtime rates by not compensating them for all hours worked in excess of eight hours in one workday or forty hours in a one workweek. Additionally, Plaintiff is informed and believes and thereon alleges that, at relevant times, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants' failure to compensate the class at overtime rates of two times their regular rates of pay for all hours worked in excess of twelve hours in one workday.

SPIVAK LAW
Employee Rights Attorneys
16525 Ventura Blvd., Ste 212
Encino, CA 91436
(818) 582-3086 Tel
(818) 582 2561 Fax
Spivaklaw.com

8

34.    As a result of Defendants' conduct, Plaintiff, on behalf of herself and the class, seeks damages and/or restitution for overtime wages which Defendants failed to pay them at the overtime rates set forth herein, interest thereon, costs of suit and reasonable attorney's fees pursuant to California Labor Code §§ 1194.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS

### (Lab. Code §§ 226.7 and 1198)

### (By Plaintiff and the Class against all Defendants)

35.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

36.    At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7, 1198, and the Wage Order.

37.    Labor Code § 1198 states,

"The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

38.    In relevant part, Section 12 of the Wage Order states:

Rest Periods:

(A)    Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate often (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B)    If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

39.    In addition, Labor Code Section 226.7 states

(b)    An employer shall not require an employee to work during a meal

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivak Law.com

or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)    If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

40.    Pursuant to the Wage Order, Plaintiff and the class were entitled to be provided with net rest breaks of at least ten minutes for each four hour period of work, or major fraction thereof.

41.    Defendants failed to provide Plaintiff with all required rest breaks in accordance with the Wage Order, including, but not limited to, three ten-minute rest periods on workdays they worked more than ten hours in a workday. Due to their workload, Plaintiff and the Class Members did not have enough time to take duty-free rest breaks. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants had a policy, practice, or a lack of a policy which resulted in Defendants not providing the Class Members with all rest breaks required by California law.

42.    Defendants failed to pay Plaintiff the additional wages required by California Labor Code § 226.7 for all rest breaks not provided to her. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with additional wages for all rest breaks not provided to them as required by California Labor Code § 226.7.

43.    As a result of Defendants' unlawful conduct, Plaintiff and the class have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all rest breaks not provided to them.

44.    By reason of the above, Plaintiff and the members of the class are entitled to premium wages for workdays in which one or more rest breaks were not provided to them pursuant to California Labor Code § 226.7.



S P I V A K   L A W

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

10

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

#### (Lab. Code §§ 226.7, 512, and 1198)

#### (By Plaintiff and the Class against all Defendants)

45.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

46.     At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7, 512 and 1198, and the Wage Order.

47.     Labor Code § 1198 states,

> "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

48.     In relevant part, Labor Code Section 512 states

> "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

49.     In relevant part, Section 11 of the Wage Order states:

> "Meal Periods
>
> (A)     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.
>
> (B)     An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Johnston v. The Hertz Corporation, et al.*                                        Complaint

second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C)    Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D)    If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

50.    Pursuant to California Labor Code § 512 and the Wage Order, Plaintiff and the class were entitled to be provided with uninterrupted meal periods of at least 30 minutes for each day they worked five or more hours. Pursuant to California Labor Code § 512 and the Wage Order, they were also entitled to a second 30-minute meal period when they worked more than 10 hours in a workday.

51.    During the relevant time period, Defendants failed to provide Plaintiff with all required meal periods in accordance with California Labor Code § 512 and the Wage Order, including, but not limited to, two 30-minute uninterrupted meal periods on workdays they worked more than ten hours in a workday. Due to their workload, Plaintiff and the Class Members did not have enough time to take duty-free meal periods. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with all meal periods required by California Labor Code § 512 and the Wage Order.

52.    Defendants failed to pay Plaintiff the additional wages required by California Labor Code § 226.7 for all meal periods not provided to her. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

12

Johnston v. The Hertz Corporation, et al.                                                    Complaint

providing the class with additional wages for all meal periods not provided to them as required by California Labor Code § 226.7.

53.    As a result of Defendants' unlawful conduct, Plaintiff and the class have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all meal periods not provided to them.

54.    By reason of the above, Plaintiff and the members of the class are entitled to premium wages for workdays in which one or more meal periods were not provided to them pursuant to California Labor Code § 226.7.

## FOURTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY

### (Lab. Code § 2802)

### (By Plaintiff and the Class against all Defendants)

55.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

56.    At all relevant times during the applicable limitations period, Plaintiff and the class have been entitled to the benefits and protections of California Labor Code and the Wage Order.

57.    In pertinent part, California Labor Code § 2802(a) states, "An employer shall indemnify his or her employee[s] for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties."

58.    At all relevant times during the applicable limitations period, Defendants required Plaintiff and the Class Members to use their personal mobile phones to communicate with their co-workers and supervisors. Defendants, however, failed to reimburse them for such expenses.

59.    Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants' failure to indemnify the class for the reasonable expenses they incurred in the course of performing their duties.

60.    By reason of the above, Plaintiff and the members of the class are entitled to reimbursement for all necessary expenditures and losses and interest due and owing to within four years (4) of the date of the filing of the Complaint until the date of entry of judgment pursuant to California Labor Code § 2802(b). Further, Plaintiff, on behalf of herself and the

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivaklaw.com

members of the class seek reasonable attorney's fees pursuant to Labor Code § 2802(c)

### FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE, WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiff and the Class against all Defendants)

61.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

62.     At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code § 226.

63.     Pursuant to California Labor Code § 226(a), Plaintiff and the class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing: a) gross wages earned; b) net wages earned; c) all applicable hourly rates in effect during the pay period; and d) the corresponding number of hours worked at each hourly rate by the employee.

64.     Pursuant to California Labor Code § 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

65.     Pursuant to California Labor Code § 226(e), an employee is deemed to suffer injury if the employer fails to provide a wage statement. Also, an employee is deemed to suffer injury if the employer fails to provide accurate and complete information as required by California Labor Code § 226(a) and the employee cannot "promptly and easily determine" from the wage statement alone one or more of the following:

A.     The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to California Labor Code § 226(a);

B.     Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period;

C.     The name and address of the employer and, if the employer is a farm

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd  Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

14

*Johnston v. The Hertz Corporation, et al.*                                    Complaint

labor contractor, as defined in subdivision (b) of Section 1682 of the California Labor Code, the name and address of the legal entity that secured the services of the employer during the pay period; and

> D.    The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

66.    "Promptly and easily determine," as stated in California Labor Code § 226(e), means a reasonable person would be able to readily ascertain the information without reference to other documents or information.

67.    As alleged herein, Defendants failed to provide Plaintiff and the class all wages owed, including but not limited to, overtime wages and all premium wages for unprovided rest and/or meal periods. As a result, Defendants have failed to properly and accurately itemize each employee's gross wages earned, net wages earned, the total hours worked, the corresponding number of hours worked by employees and other requirements of California Labor Code § 226. Further, Defendants failed to state the earned meal and rest period premium wages and their business expenses on Plaintiff and Class Members' itemized written wage statements. Defendants also incorrectly stated 80 hours on Plaintiff and the Class Members' wage statements knowing that they worked more than 80 hours during each bi-weekly pay period. As a result, Defendants have violated California Labor Code § 226.

68.    Defendants' failure to provide Plaintiff and the class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the class with accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

69.    As a result of being provided with inaccurate wage statements by Defendants, Plaintiff and the class have suffered injury. Their legal rights to receive accurate wage statements were violated and they were misled about the amount of wages they had actually earned and were owed. In addition, the absence of accurate information on their wage statements prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amounts of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records and/or has led to the submission of inaccurate information about wages to state and federal government agencies. Further, Plaintiff and the class were not able to ascertain from the wage statements whether

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd , Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

Defendants complied with their obligations under California Labor Code § 226(a).

70.      Pursuant to California Labor Code § 226(e), Plaintiff and the class are entitled to recover the greater of actual damages, or penalties of fifty dollars ($50) for the initial pay period in which a violation of California Labor Code § 226(a) occurred and one hundred dollars for each violation of California Labor Code § 226(a) in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per class member, and are also entitled to an award of costs and reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION
## WAITING TIME PENALTIES
### (Lab. Code §§ 201-203)
### (By Plaintiff and the Class against all Defendants)

71.      Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

72.      Labor Code § 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge.

73.      Labor Code § 202 provides that all earned and unpaid wages of an employee who quits after providing at least 72-hours notice before quitting are due and payable at the time of quitting and that all earned and unpaid wages of an employee who quits without providing at least 72-hours notice before quitting are due and payable within 72 hours.

74.      By failing to pay earned overtime and premium wages to Plaintiff and the Class Members, Defendants failed to timely pay them all earned and unpaid wages in violation of Labor Code § 201 or § 202.

75.      Labor Code § 203 provides that the wages of an employee continue on a daily basis as a penalty for up to 30 days where an employer willfully fails to timely pay earned and unpaid wages to the employee in accordance with Labor Code § 201 or § 202.

76.      Plaintiff is informed and believes that Defendants' failures to timely pay Plaintiff and the Class Members all of their earned and unpaid wages have been willful in that, at all relevant times, Defendants have deliberately maintained policies and practices that violate the requirements of the Labor Code and the Wage Order even though, at all relevant times, they have had the ability to comply with those legal requirements.

77.      Pursuant to Labor Code § 203, Plaintiff seeks waiting time penalties on behalf of herself and the Class Members, in amounts subject to proof not to exceed 30 days of waiting

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

16

*Johnston v. The Hertz Corporation, et al.*                                                                                        Complaint

time penalties for each class member.

## SEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION

#### (Bus. & Prof. Code §§ 17200, *et seq.*)

#### (By Plaintiff and the Class against all Defendants)

78.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

79.    At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of the Business and Professions Code §§ 17200, *et seq.*

80.    The unlawful conduct of Defendants alleged herein amount to and constitutes unfair competition within the meaning of California Business & Professions Code §§ 17200, *et seq.* Due to their unfair and unlawful business practices alleged herein, Defendants have unfairly gained a competitive advantage over other comparable companies doing business in California that comply with their legal obligations to compensate employees for all earned wages.

81.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the class have suffered injuries in fact and lost money or property. Plaintiff and the class were deprived of wages for all rest and meal periods not provided to them, for overtime hours worked for which they did not receive overtime wages and for unpaid wages resulting from not being provided with accurate wage statements. Defendants also failed to reimburse Plaintiff and the Class Members for the business expenses they incurred during their employment.

82.    Pursuant to California Business & Professions Code § 17203, Plaintiff and the class are entitled to restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of their unlawful and unfair business practices.

83.    Plaintiff and the class are entitled to reasonable attorneys' fees in connection with their unfair competition claims pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## PRAYER FOR RELIEF

84.    WHEREFORE, Plaintiff, on behalf of herself and the class, prays for relief and judgment against Defendants as follows:

A.    An order that the action be certified as a class action with respect to



**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 587-3088 Tel
(818) 582-2561 Fax
Spivaklaw.com

17

Plaintiff's claims for violations of California law;

        B.      An order that Plaintiff be appointed class representative;

        C.      An order that counsel for Plaintiff be appointed class counsel;

        D.      Unpaid wages;

        E.      Statutory penalties;

        F.      Declaratory relief;

        G.      Actual damages;

        H.      Restitution;

        I.      Pre-judgment interest;

        J.      Costs of suit;

        K.      Interest;

        L.      Reasonable attorneys' fees; and

        M.      Such other relief as the Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.

Respectfully submitted,

                                     THE SPIVAK LAW FIRM

Dated: August 9, 2017

                                       By _____
                                       DAVID SPIVAK, Attorney for Plaintiff, EMY JOHNSTON, and all others similarly situated



SPIVAK LAW

Johnston v. The Hertz Corporation, et al.                                  Complaint

| ATTORNEY OR PARTY WITHOUT AN ATTORNEY *(name, address, phone and fax number)* | For Court Use Only |
|---|---|
| BAR NO.:<br>ATTORNEY FOR  (name):<br>**Superior Court of California, County of Nevada**<br>201 Church Street, Suite 5<br>Nevada City, CA 95959 | **FILED**<br><br>AUG 1 0 2017 *TV*<br><br>NEVADA COUNTY<br>SUPERIOR COURTS |
| PLAINTIFF: EMY JOHNSTON | |
| DEFENDANT: THE HERTZ CORPORATION | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE<br>AND ASSIGNMENT OF JUDICIAL OFFICER** | CASE NUMBER<br>CU17-082392 |

**NOTICE** is given that the within action has been assigned for all purposes to the **HONORABLE THOMAS M. ANDERSON** and that a Case Management Conference has been scheduled as follows:

| Date:  12/04/2017 | Time:  9:00 a.m. | Dept. 6 | Rm: 3rd Floor |
|---|---|---|---|

**Location: Nevada County Courthouse, 201 Church Street, Nevada City, CA 95959**

*The hearing set in this notice does not eliminate your obligation to file a response to the complaint as specified on the summons. Failure to do so may result in a default judgment.*

- You must file and serve a completed Case Management Statement form CM-110 **AT LEAST FIFTEEN DAYS** before the case management conference (California Rule of Court 3.725).  Strict compliance with California Rules of Court 3.110 required.

- You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

- At the case management conference the court may make pretrial orders, including the following:
  - o Orders establishing discovery schedules and exchange of expert witness information;
  - o Referral to judicial arbitration or other alternate dispute resolution with a date of completion;
  - o Orders setting subsequent conferences and the trial date;
  - o Other orders in furtherance of the Trial Court Delay Reduction Act (Gov. Code §68600 *et seq.*);

- Should the parties comply with California Rules of Court 3.110 and timely file their Case Management Statement, appearance at the case management conference may be waived.

- The court will issue a proposed order on Thursday before the conference.  The proposed order will be posted and available under the link "Tentative Rulings" on the court's web site (www.nevadacountycourts.com).  For further instructions and information see the Case Management Information Sheet.

- A copy of this Notice must be served on each party with the complaint or other initial pleading, including each new party brought in by way of cross-complaint, complaint in intervention, or other initial pleading.

Dated:    AUG  1 0 2017

by _____

**T. Appleby**

Court Services Assistant
T. Appleby

DAVID G. SPIVAK (SBN 179684)
david@spivaklaw.com
CAROLINE TAHMASSIAN (SBN 285680)
caroline@spivaklaw.com
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Ste 312
Encino, CA 91436
Telephone (818) 582-3086
Facsimile (818) 582-2561

Attorneys for Plaintiff,
EMY JOHNSTON, and all others similarly situated
(additional attorneys listed on next page)

**FILED**

**AUG 23 2017** ℞

NEVADA COUNTY
SUPERIOR COURTS

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF NEVADA**
*(UNLIMITED JURISDICTION)*

| | |
|---|---|
| EMY JOHNSTON, on behalf of herself, and all others similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Act of 2004,<br><br>*Plaintiff(s),*<br><br>vs.<br><br>THE HERTZ CORPORATION, a Delaware corporation; HERTZ LOCAL EDITION CORP. a Delaware corporation; HERTZ LOCAL EDITION TRANSPORTING, INC., a Delaware corporation; HERTZ GLOBAL SERVICES CORPORATION, a Delaware corporation; HERTZ GLOBAL HOLDINGS, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>*Defendant(s).* | Case No.: CU17-082392<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br>1. Unpaid Overtime Wages (Lab. Code §§ 510, 1194, and 1198);<br>2. Failure to Provide Rest Breaks (Lab. Code §§ 226.7 and 1198);<br>3. Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512 and 1198);<br>4. Failure to Indemnify (Lab. Code § 2802);<br>5. Wage Statement Penalties (Lab. Code § 226);<br>6. Waiting Time Penalties (Lab. Code §§ 201–203);<br>7. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*); and<br>8. Civil Penalties (Lab. Code §§ 2698, *et seq.*).<br><br>**JURY TRIAL DEMANDED** |



SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

1

*Johnston v. The Hertz Corporation, et al.*                                    First Amended Complaint

## ADDITIONAL ATTORNEY FOR PLAINTIFF

WALTER HAINES (SBN 71075)
      walter@whaines.com
UNITED EMPLOYEES LAW GROUP
5500 Bolsa Ave, Suite 201
Huntington Beach, CA 92649
Telephone:      (888) 474-7242
Facsimile:      (562) 256-1006

SPIVAK LAW

Johnston v. The Hertz Corporation, et al.                                First Amended Complaint

Plaintiff EMY JOHNSTON (hereafter "Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class action based on alleged violations of the California Labor Code, Industrial Welfare Commission Order No. 9-2001 (hereafter "the Wage Order"), and the Business and Professions Code against defendants THE HERTZ CORPORATION, HERTZ LOCAL EDITION CORP., HERTZ LOCAL EDITION TRANSPORTING, INC., HERTZ GLOBAL SERVICES CORPORATION, HERTZ GLOBAL HOLDINGS, INC., and Does 1-50, inclusive (collectively "Defendants").

2.      As set forth in more detail below, Plaintiff alleges that Defendants are liable to her and other similarly situated current and former employees for unpaid wages and other related relief. These claims are based on Defendants' alleged failures to (1) provide all rest and meal periods, (2) pay overtime wages, (3) indemnify for all business expenses, (4) fairly compete, (5) provide accurate written wage statements, and (6) timely pay final wages upon termination of employment. Accordingly, Plaintiff now seeks to recover unpaid wages and related relief through this class action.

## PARTIES

3.      Defendants continuously employed Plaintiff over six years as a salaried location manager at their Truckee, California location until approximately March of 2017 when Plaintiff resigned from her employment. At all relevant times, Plaintiff was an "employee" within the meaning of Title 8 California Code of Regulations Section 11090 and an "aggrieved employee" within the meaning of Labor Code Section 2699(c).

4.      Defendant THE HERTZ CORPORATION is a corporation organized under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

5.      Defendant HERTZ LOCAL EDITION CORP. is a corporation organized under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

6.      Defendant HERTZ LOCAL EDITION TRANSPORTING, INC. is a corporation organized under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

7.      Defendant HERTZ GLOBAL SERVICES CORPORATION is a corporation organized under the laws of Delaware and also a citizen of California based on Plaintiff's

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(tel) 582-30397-0
(tel) 582-2501 Fax
Spivak Law.com

3

information and belief.

8.    Defendant HERTZ GLOBAL HOLDINGS, INC. is a corporation organized under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

9.    Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as DOES 1-50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the complaint to allege the true names and capacities of the DOE defendants when ascertained.

10.    Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

11.    At all relevant times, in perpetrating the acts and omissions alleged herein, defendants, and each of them, acted pursuant to and in furtherance of a policy, practice, or a lack of a practice which resulted in Defendants not paying Plaintiff and other members of the below-described classes in accordance with applicable California labor laws as alleged herein.

12.    Plaintiff is informed and believes and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## CLASS ACTION ALLEGATIONS

13.    This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

14.    **Class Definition:**    The class is defined as follows: All persons employed by

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivaklaw.com

4

Defendants in California as salaried location managers, and in other comparable positions, at any time during the period beginning four years prior to the filling of this action and ending on the date that final judgment is entered in this action.

15.    **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definition with greater specificity, by further division into subclasses and/or by limitation to particular issues.

16.    **Numerosity:** The Class Members are so numerous that the individual joinder of each individual Class Member is impractical. While Plaintiff does not currently know the exact number of Class Members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

17.    **Commonality and Predominance:** Common questions of law and fact exist as to all Class Members and predominate over any questions which affect only individual Class Members. These questions include, but are not limited to:

A.    Whether Defendants failed to provide the class with all rest periods as required by section 12 of the Wage Order?

B.    Whether Defendants failed to provide the class with all meal periods as required by section 11 of the Wage Order?

C.    Whether Defendants failed to pay overtime rates to the class for overtime hours worked?

D.    Whether Defendants failed to indemnify the class for all business expenses?

E.    Whether Defendants engaged in unfair competition within the meaning of Business and Professions Code §§ 17200, *et seq.*, with respect to the class?

F.    Whether Defendants knowingly and intentionally failed to provide the class with accurate wage statements?

G.    Whether Defendants willfully failed to provide the class with timely final wages?

18.    **Typicality:** Plaintiff's claims are typical of the other Class Members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy which resulted in Defendants failing to comply with the California Labor Code and the Business and Professions Code as alleged herein.

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd. Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2571 Fax
SpivakLaw.com

5

19.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that she has no interests that are adverse to, or otherwise in conflict with, the interests of absent Class Members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of Class Members. Plaintiff will fairly and adequately represent and protect the interests of Class Members.

20.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent Class Members, are experienced in wage and hour class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent Class Members.

21.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of Class Members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual Class Members are likely to be relatively small and would thus make it difficult, if not impossible, for individual Class Members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting Class Members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

### (Lab. Code §§ 510, 1194, and 1198)

### (By Plaintiff and the Class against all Defendants)

22.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

23.    At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 510 and 1194, and the Wage Order.

24.    In relevant part, Section 3 of the Wage Order states,

    (A)    Daily Overtime - General Provisions

        (1)    The following overtime provisions are applicable to employees 18



**SPIVAK LAW**

Empl. yee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086Tel
(818) 582-2561 Fax
Spivaklaw.com

6

years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a)    One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b)    Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

25.    In relevant part, California Labor Code § 510 states,

"Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

26.    California Labor Code § 1194 makes it unlawful for employers to pay non-exempt employees less than legal overtime rates notwithstanding any agreements to the contrary.

27.    Labor Code § 1198 prohibits employers from employing their employees under conditions prohibited by the Wage Order.

28.    At all relevant times, Defendants paid Plaintiff and the Class Members a salary on a bi-weekly basis. Plaintiff and the Class Members at all relevant times worked over eight hours in one workday and over 40 hours in one workweek. Defendants, however, misclassified them as exempt salaried employees and failed to pay them for such hours at the legally required

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086-1
(818) 582-3561 Fax
www.spivaklaw.com

7

Johnston v. The Hertz Corporation, et al.                                    First Amended Complaint

rates for overtime work in California.

29.    Further, Plaintiff and the Class Members spent more than fifty percent of their time performing non-exempt duties such as answering phone calls, making reservations for the customers, cleaning cars, clearing the office, picking up customers, and taking the cars for an oil change or picking them up from impounds.

30.    Plaintiff and the Class Members were not exempt employees as defined by the Wage Order. They did not customarily and regularly direct the work of two or more other employees at all times. § 1(A)(1). Their duties were also not administrative in nature because they did not primarily engage in work "directly related to management policies or general business operations of" Defendants as required by the Wage Order. § 1(A)(2). They also did not "customarily and regularly exercise[] discretion and independent judgement" in the performance of their work duties. §§ 1(A)(1)(d), 1(A)(2)(b). At all relevant times, Plaintiff and the Class Members were also not overtime-exempt inside or outside salespersons. §§ 1(C)and 2(J). Despite this, Defendants intentionally misclassified Plaintiff and the Class Members as exempt employees.

31.    Defendants also failed to pay Plaintiff and the Class Members with a monthly salary equivalent of at least two (2) times California minimum wage at all relevant times. For example, for the majority of 2016, Defendants compensated Plaintiff with an annual salary of $40,000.22 or approximately $19.23 per hour [($40,000.22/52)/40=$19.23]. The California minimum wage has been $10.00 per hour since January 1, 2016.

32.    At all relevant times, Defendants failed to compensate Plaintiff for overtime hours worked at overtime rates by not compensating her for all hours worked in excess of eight hours in one day or forty hours in one workweek. Additionally, at all relevant times during the applicable limitations period, Defendants failed to compensate Plaintiff at overtime rates of two times her regular rate of pay for all hours worked in excess of twelve hours in one workday.

33.    Plaintiff is informed and believes and thereon alleges that, at relevant times, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants' failure to compensate the class overtime hours worked at overtime rates by not compensating them for all hours worked in excess of eight hours in one workday or forty hours in a one workweek. Additionally, Plaintiff is informed and believes and thereon alleges that, at relevant times, Defendants have maintained a policy, practice, or a lack of a policy which

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd, Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivaklaw.com

*Johnston v. The Hertz Corporation, et al.*                                   First Amended Complaint

resulted in Defendants' failure to compensate the class at overtime rates of two times their regular rates of pay for all hours worked in excess of twelve hours in one workday.

34.　　As a result of Defendants' conduct, Plaintiff, on behalf of herself and the class, seeks damages and/or restitution for overtime wages which Defendants failed to pay them at the overtime rates set forth herein, interest thereon, costs of suit and reasonable attorney's fees pursuant to California Labor Code §§ 1194.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS

### (Lab. Code §§ 226.7 and 1198)

### (By Plaintiff and the Class against all Defendants)

35.　　Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

36.　　At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7, 1198, and the Wage Order.

37.　　Labor Code § 1198 states,

> "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

38.　　In relevant part, Section 12 of the Wage Order states:

Rest Periods:

> (A)　　Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate often (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

> (B)　　If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086
(818) 582-2561 Fax
spivaklaw.com

9

39.     In addition, Labor Code Section 226.7 states

(b)     An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)     If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

40.     Pursuant to the Wage Order, Plaintiff and the class were entitled to be provided with net rest breaks of at least ten minutes for each four hour period of work, or major fraction thereof.

41.     Defendants failed to provide Plaintiff with all required rest breaks in accordance with the Wage Order, including, but not limited to, three ten-minute rest periods on workdays they worked more than ten hours in a workday. Due to their workload, Plaintiff and the Class Members did not have enough time to take duty-free rest breaks. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants had a policy, practice, or a lack of a policy which resulted in Defendants not providing the Class Members with all rest breaks required by California law.

42.     Defendants failed to pay Plaintiff the additional wages required by California Labor Code § 226.7 for all rest breaks not provided to her. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with additional wages for all rest breaks not provided to them as required by California Labor Code § 226.7.

43.     As a result of Defendants' unlawful conduct, Plaintiff and the class have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all rest breaks not provided to them.

44.     By reason of the above, Plaintiff and the members of the class are entitled to

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivaklaw.com

10

premium wages for workdays in which one or more rest breaks were not provided to them pursuant to California Labor Code § 226.7.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 226.7, 512, and 1198)

### (By Plaintiff and the Class against all Defendants)

45.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

46.     At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7, 512 and 1198, and the Wage Order.

47.     Labor Code § 1198 states,

> "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

48.     In relevant part, Labor Code Section 512 states

> "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

49.     In relevant part, Section 11 of the Wage Order states:

> "Meal Periods
>
> (A)     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

SPIVAK LAW

Employees Rights Attorneys
16500 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
spivaklaw.com

*Johnston v. The Hertz Corporation, et al.*                                    First Amended Complaint

(B)    An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C)    Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D)    If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

50.    Pursuant to California Labor Code § 512 and the Wage Order, Plaintiff and the class were entitled to be provided with uninterrupted meal periods of at least 30 minutes for each day they worked five or more hours. Pursuant to California Labor Code § 512 and the Wage Order, they were also entitled to a second 30-minute meal period when they worked more than 10 hours in a workday.

51.    During the relevant time period, Defendants failed to provide Plaintiff with all required meal periods in accordance with California Labor Code § 512 and the Wage Order, including, but not limited to, two 30-minute uninterrupted meal periods on workdays they worked more than ten hours in a workday. Due to their workload, Plaintiff and the Class Members did not have enough time to take duty-free meal periods. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with all meal periods required by California Labor Code § 512 and the Wage Order.

52.    Defendants failed to pay Plaintiff the additional wages required by California Labor Code § 226.7 for all meal periods not provided to her. Plaintiff is informed and believes



SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
tel tel 562-308640
tel tel 562-2561 Fax
Spivaklaw.com

*Johnston v. The Hertz Corporation, et al.*                                First Amended Complaint

and thereon alleges that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with additional wages for all meal periods not provided to them as required by California Labor Code § 226.7.

53.    As a result of Defendants' unlawful conduct, Plaintiff and the class have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all meal periods not provided to them.

54.    By reason of the above, Plaintiff and the members of the class are entitled to premium wages for workdays in which one or more meal periods were not provided to them pursuant to California Labor Code § 226.7.

## FOURTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY

### (Lab. Code § 2802)

### (By Plaintiff and the Class against all Defendants)

55.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

56.    At all relevant times during the applicable limitations period, Plaintiff and the class have been entitled to the benefits and protections of California Labor Code and the Wage Order.

57.    In pertinent part, California Labor Code § 2802(a) states, "An employer shall indemnify his or her employee[s] for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties."

58.    At all relevant times during the applicable limitations period, Defendants required Plaintiff and the Class Members to use their personal mobile phones to communicate with their co-workers and supervisors. Defendants, however, failed to reimburse them for such expenses.

59.    Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants' failure to indemnify the class for the reasonable expenses they incurred in the course of performing their duties.

60.    By reason of the above, Plaintiff and the members of the class are entitled to reimbursement for all necessary expenditures and losses and interest due and owing to within

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086
(818) 582-2561 Fax
spivaklaw.com

13

four years (4) of the date of the filing of the Complaint until the date of entry of judgment pursuant to California Labor Code § 2802(b). Further, Plaintiff, on behalf of herself and the members of the class seek reasonable attorney's fees pursuant to Labor Code § 2802(c)

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE, WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiff and the Class against all Defendants)

61.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

62.     At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code § 226.

63.     Pursuant to California Labor Code § 226(a), Plaintiff and the class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing: a) gross wages earned; b) net wages earned; c) all applicable hourly rates in effect during the pay period; and d) the corresponding number of hours worked at each hourly rate by the employee.

64.     Pursuant to California Labor Code § 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

65.     Pursuant to California Labor Code § 226(e), an employee is deemed to suffer injury if the employer fails to provide a wage statement. Also, an employee is deemed to suffer injury if the employer fails to provide accurate and complete information as required by California Labor Code § 226(a) and the employee cannot "promptly and easily determine" from the wage statement alone one or more of the following:

A.     The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to California Labor Code § 226(a);

B.     Which deductions the employer made from gross wages to determine the

SPIVAK LAW

Employees Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino  CA 91436
(818) 582-3085 tel
(818) 582-2561 fax
Spivaklaw.com

14

*Johnston v. The Hertz Corporation, et al.*                                    First Amended Complaint

net wages paid to the employee during the pay period;

C.    The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682 of the California Labor Code, the name and address of the legal entity that secured the services of the employer during the pay period; and

D.    The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

66.    "Promptly and easily determine," as stated in California Labor Code § 226(e), means a reasonable person would be able to readily ascertain the information without reference to other documents or information.

67.    As alleged herein, Defendants failed to provide Plaintiff and the class all wages owed, including but not limited to, overtime wages and all premium wages for unprovided rest and/or meal periods. As a result, Defendants have failed to properly and accurately itemize each employee's gross wages earned, net wages earned, the total hours worked, the corresponding number of hours worked by employees and other requirements of California Labor Code § 226. Further, Defendants failed to state the earned meal and rest period premium wages and their business expenses on Plaintiff and Class Members' itemized written wage statements. Defendants also incorrectly stated 80 hours on Plaintiff and the Class Members' wage statements knowing that they worked more than 80 hours during each bi-weekly pay period. As a result, Defendants have violated California Labor Code § 226.

68.    Defendants' failure to provide Plaintiff and the class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the class with accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

69.    As a result of being provided with inaccurate wage statements by Defendants, Plaintiff and the class have suffered injury. Their legal rights to receive accurate wage statements were violated and they were misled about the amount of wages they had actually earned and were owed. In addition, the absence of accurate information on their wage statements prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amounts of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records and/or has led to the

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivak Law.com

15

Johnston v. The Hertz Corporation, et al.                                     First Amended Complaint

submission of inaccurate information about wages to state and federal government agencies. Further, Plaintiff and the class were not able to ascertain from the wage statements whether Defendants complied with their obligations under California Labor Code § 226(a).

70.     Pursuant to California Labor Code § 226(e), Plaintiff and the class are entitled to recover the greater of actual damages, or penalties of fifty dollars ($50) for the initial pay period in which a violation of California Labor Code § 226(a) occurred and one hundred dollars for each violation of California Labor Code § 226(a) in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per class member, and are also entitled to an award of costs and reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION

## WAITING TIME PENALTIES

### (Lab. Code §§ 201-203)

### (By Plaintiff and the Class against all Defendants)

71.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

72.     Labor Code § 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge.

73.     Labor Code § 202 provides that all earned and unpaid wages of an employee who quits after providing at least 72-hours notice before quitting are due and payable at the time of quitting and that all earned and unpaid wages of an employee who quits without providing at least 72-hours notice before quitting are due and payable within 72 hours.

74.     By failing to pay earned overtime and premium wages to Plaintiff and the Class Members, Defendants failed to timely pay them all earned and unpaid wages in violation of Labor Code § 201 or § 202.

75.     Labor Code § 203 provides that the wages of an employee continue on a daily basis as a penalty for up to 30 days where an employer willfully fails to timely pay earned and unpaid wages to the employee in accordance with Labor Code § 201 or § 202.

76.     Plaintiff is informed and believes that Defendants' failures to timely pay Plaintiff and the Class Members all of their earned and unpaid wages have been willful in that, at all relevant times, Defendants have deliberately maintained policies and practices that violate the requirements of the Labor Code and the Wage Order even though, at all relevant times, they have had the ability to comply with those legal requirements.

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivaklaw.com

16

77.    Pursuant to Labor Code § 203, Plaintiff seeks waiting time penalties on behalf of herself and the Class Members, in amounts subject to proof not to exceed 30 days of waiting time penalties for each class member.

## SEVENTH CAUSE OF ACTION

## UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff and the Class against all Defendants)

78.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

79.    At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of the Business and Professions Code §§ 17200, *et seq.*

80.    The unlawful conduct of Defendants alleged herein amount to and constitutes unfair competition within the meaning of California Business & Professions Code §§ 17200, *et seq.* Due to their unfair and unlawful business practices alleged herein, Defendants have unfairly gained a competitive advantage over other comparable companies doing business in California that comply with their legal obligations to compensate employees for all earned wages.

81.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the class have suffered injuries in fact and lost money or property. Plaintiff and the class were deprived of wages for all rest and meal periods not provided to them, for overtime hours worked for which they did not receive overtime wages and for unpaid wages resulting from not being provided with accurate wage statements. Defendants also failed to reimburse Plaintiff and the Class Members for the business expenses they incurred during their employment.

82.    Pursuant to California Business & Professions Code § 17203, Plaintiff and the class are entitled to restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of their unlawful and unfair business practices.

83.    Plaintiff and the class are entitled to reasonable attorneys' fees in connection with their unfair competition claims pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

////

///

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivaklaw.com

*Johnston v. The Hertz Corporation, et al.*                                First Amended Complaint

## EIGHTH CAUSE OF ACTION

### CIVIL PENALTIES

### (By Plaintiff and the Class against all Defendants)

84.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

85.    Labor Code § 204 states

(a)    All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. ...

(b)    (1)    Notwithstanding any other provision of this section, all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

(2)    An employer is in compliance with the requirements of subdivision (a) of Section 226 relating to total hours worked by the employee, if hours worked in excess of the normal work period during the current pay period are itemized as corrections on the paystub for the next regular pay period. Any corrections set out in a subsequently issued paystub shall state the inclusive dates of the pay period for which the employer is correcting its initial report of hours worked.

(c)    However, when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees.

(d)    The requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period.

86.    Defendants paid wages to employees on regular intervals. Defendants failed to pay Plaintiff on such intervals for all wages earned and all hours worked. On information and belief, Plaintiff alleges that Defendants also failed to pay the aggrieved employees on such intervals for all wages earned and all hours worked.

87.    During the applicable time period, Defendants violated California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 246, 510, 512, 1194, 1198, and 2802.

88.    California Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd, Ste 312
Encino, CA 91436
(818) 582-3086-1
(818) 582-2561 Fax
spivaklaw.com

18

behalf of themselves and other current or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in California Labor Code § 2699.3.

89.    Pursuant to California Labor Code §§ 2699(a) and (f), Plaintiff and the Class are entitled to recover civil penalties for each of the Defendants' violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 246, 510, 512, 1194, 1198, and 2802 during the applicable limitations period in the following amounts:

A.    For violations of California Labor Code § 204, one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee for each subsequent, willful or intentional violation (penalty amounts established by California Labor Code § 210).

B.    For violations of California Labor Code § 226(a), two hundred fifty dollars ($250.00) for each aggrieved employee for initial violation and one thousand dollars ($1,000.00) for each aggrieved employee for each subsequent violation (penalty amounts established by California Labor Code § 226.3).

C.    For violations of California Labor Code §§ 510 and 512, fifty dollars ($50.00) for each aggrieved employee for initial violation and one hundred dollars ($100.00) for each aggrieved employee for each subsequent violation, per pay period in addition to an amount sufficient to recover underpaid wages (penalty amounts established by California Labor Code § 558).

D.    For violations of California Labor Code §§ 201, 202, 203, 226.7, 246, 1194, 1198, and 2802, one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation (penalty amounts established by California Labor Code § 2699(f)(2)).

90.    Plaintiff has complied with the procedures for bringing suit specified in California Labor Code § 2699.3. By letter dated May 2, 2017, Plaintiff filed written notice online with the Labor and Workforce Development Agency ("LWDA") and gave written notice by certified mail to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Plaintiff accompanied her LWDA notice with a fee in the amount of $75.00. The LWDA has failed to

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(e tel 956 3265 Tel
(it tel 956 3265 Fax
spivaklaw com

*Johnston v. The Hertz Corporation, et al.*                    First Amended Complaint

take action in response within 65 calendar days of the date of Plaintiff's notice, but Plaintiff anticipates that the LWDA will provide written notice to Plaintiff informing her that it does not intend to investigate these allegations.

91.    Pursuant to California Labor Code § 2699(g), Plaintiff and the aggrieved employees are entitled to an award of civil penalties, reasonable attorney's fees and costs in connection with their claims for civil penalties.

## PRAYER FOR RELIEF

92.    WHEREFORE, Plaintiff, on behalf of herself and the class, prays for relief and judgment against Defendants as follows:

A.    An order that the action be certified as a class action with respect to Plaintiff's claims for violations of California law;

B.    An order that Plaintiff be appointed class representative;

C.    An order that counsel for Plaintiff be appointed class counsel;

D.    Unpaid wages;

E.    Statutory penalties;

F.    Civil penalties;

G.    Declaratory relief;

H.    Actual damages;

I.    Restitution;

J.    Pre-judgment interest;

K.    Costs of suit;

L.    Interest;

M.    Reasonable attorneys' fees; and

N.    Such other relief as the Court deems just and proper.

///
///
///
///
///
///
///



SPIVAK LAW

Consumer Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivaklaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.


Respectfully submitted,

THE SPIVAK LAW FIRM

Dated: August 22, 2017

DAVID SPIVAK
CAROLINE TAHMASSIAN
Attorneys for Plaintiff, EMY JOHNSTON, and
all others similarly situated

SPIVAK LAW
Employee Rights Attorneys

21

*Johnston v. The Hertz Corporation, et al.*                                      First Amended Complaint

# EXHIBIT B

By Fax

1   ROBERT A. DOLINKO (State Bar No. 076256)
    rdolinko@nixonpeabody.com
2   CHARLES M. DYKE (State Bar No. 183900)
    cdyke@nixonpeabody.com
3   NIXON PEABODY LLP
    One Embarcadero; Suite 1800
4   San Francisco, CA 94111
    Telephone: (415) 984-8200
5   Facsimile: (415) 984-8300

6

7   Attorneys for Defendants
    HERTZ LOCAL EDITION CORP.; THE
8   HERTZ CORPORATION; HERTZ GLOBAL HOLDINGS, INC.
    HERTZ GLOBAL SERVICES CORP.; and HERTZ LOCAL EDITION
9   TRANSPORTING, INC.

B. JACOBSON

FILED

SEP 1 9 2017

Superior Court of the
State of California
County of Nevada

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                     FOR THE COUNTY OF NEVADA

12

13   EMY JOHNSTON, on behalf of herself and all          Case No. CU-17-082392
     others similarly situated,
14                                                        Assigned to Judge Thomas M. Anderson
15              Plaintiffs,
                                                          **CLASS ACTION**
16          v.
                                                          **DEFENDANTS HERTZ LOCAL EDITION**
17   THE HERTZ CORPORATION, a Delaware                    **CORPORATION'S, THE HERTZ**
     Corporation; HERTZ LOCAL EDITION CORP.,              **CORPORATION'S, HERTZ LOCAL**
18   a Delaware Corporation; HERTZ LOCAL                  **EDITION TRANSPORTING, INC.'s,**
     EDITION TRANSPORTING, INC., a Delaware               **HERTZ GLOBAL SERVICES**
19   Corporation; HERTZ GLOBAL SERVICES                   **CORPORATION's, and HERTZ GLOBAL**
     CORPORATION, a Delaware Corporation;                 **HOLDINGS, INC.'s ANSWER TO CLASS**
20   HERTZ GLOBAL HOLDINGS, INC., a                       **ACTION COMPLAINT**
     Delaware Corporation and DOES
21   1 to 50, inclusive.                                  Action filed:      August 10, 2017
                                                          Trial date:        None Set
22

23

24          Defendants Hertz Local Edition Corporation, The Hertz Corporation, Hertz Local Edition

25   Transporting, Inc., Hertz Global Services Corporation, and Hertz Global Holdings, Inc. (collectively

26   referred to hereinafter as "Defendants") hereby respond to the unverified Complaint for Damages

27   ("Complaint") filed by Plaintiff Emy Johnston ("Plaintiff"). As used herein, the term "Plaintiff" also

28

means and includes all others similarly situated on whose behalf the Complaint was purportedly filed.

## GENERAL DENIAL

1.      Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendants, and each of them, generally deny each and every allegation of the Complaint, including that this action may be maintained as a representative action or as a class action on behalf of others purportedly similarly situated, and/or the general public, and further deny that Plaintiff or anyone else on whose behalf the Complaint is purportedly brought is entitled to damages, statutory penalties, punitive damages, restitution, disgorgement, interest, attorneys' fees or costs, or any other form of legal or equitable relief.

## AFFIRMATIVE DEFENSES

2.      In addition, Defendants assert the affirmative defenses set forth herein.  By pleading these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

3.      The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

4.      The causes of action asserted in the Complaint are barred, in whole or in part, by the applicable statutes of limitations, including without limitation those set forth in California Code of Civil Procedure Sections 337, 338(a), 340(a) and 343, and California Business and Professions Code Section 17208.

4851-5701-8702.2

### THIRD AFFIRMATIVE DEFENSE

### (No Standing)

5.     Plaintiff lacks standing to sue on behalf of herself or the purported class of others similarly situated with respect to all or some of their causes of action in the Complaint or the requested relief.

### FOURTH AFFIRMATIVE DEFENSE

### (Exempt)

6.     Defendants allege, based on information and belief, that the causes of action of Plaintiff's Complaint are barred because at all times relevant hereto, Plaintiff, and those similarly situated, were exempt from the overtime provisions of applicable California law (*i.e.*, under the executive and/or administrative exemptions).

### FIFTH AFFIRMATIVE DEFENSE

### (Laches)

7.     Defendants are informed and believe that Plaintiff's causes of action are barred, in whole or in part, due to Plaintiff's unreasonable delay in notifying Defendants of the alleged actionable wrongs, which delays have resulted in prejudice to Defendants.

### SIXTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel/Unclean Hands)

8.     Defendants are informed and believe that Plaintiff's causes of action are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or unclean hands, including without limitation because the acts alleged in the Complaint to be unlawful occurred, if at all, as a result of conduct, omissions, and/or with the consent and voluntary participation of Plaintiff and the purported class members.

### SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Wage Dispute)

9.     Although Defendants deny that they owe any amounts to Plaintiff or the purported class members, if it should be determined that amounts are owed, Defendants allege, based on

4851-5701-8702.2

information and belief, that at all times relevant hereto a reasonable good faith dispute existed as to whether any such amounts were owed to Plaintiff and the purported class, pursuant to Labor Code Section 203 and/or Title 8, Section 13520 of the California Code of Regulations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Constitutional Bar to Punitive Damages)

10.     While Defendants deny that they committed or have responsibility for any act that could support the recovery of punitive damages, to the extent such recovery is sought against Defendants, it is unconstitutional under the provisions of the United States Constitution and/or the California Constitution.

## NINTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

11.     Defendants allege, based on information and belief, that Plaintiff's and the purported class members' claims for damages are barred because they are speculative and uncertain.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

12.     Defendants allege, based on information and belief, that Plaintiff's claims for damages are barred in whole or in part to the extent Plaintiff and/or the purported class members' failed to mitigate, minimize, or avoid the damages alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

13.     Defendants allege, based on information and belief, that some or all of the purported causes of action of Plaintiff's Complaint are barred by Plaintiff's failure to have invoked and/or exhausted her administrative remedies.

## TWELFTH AFFIRMATIVE DEFENSE

### (Excessive Civil Penalties)

14.     In the event Plaintiff is awarded civil penalties on behalf of herself and/or other purportedly aggrieved employees as claimed in any of the Private Attorney General Act causes of

-4-

1  action in the Complaint, any such award is barred, or should be reduced, on the grounds that such

2  award would be unjust, arbitrary, oppressive, or confiscatory within the meaning of California Labor

3  Code Section 2699(e)(2).

4  ### THIRTEENTH AFFIRMATIVE DEFENSE

5  ### (Consent)

6  15.    Defendants allege, based on information and belief, that Plaintiff was provided with

7  and had the opportunity to take meal periods or rest periods, but chose not to do so.

8  ### FOURTEENTH AFFIRMATIVE DEFENSE

9  ### (Failure to Obtain Valid Wage Assignment)

10  16.    Plaintiff, as representative for the other class members, may not pursue an unpaid

11  wage claim on behalf of the other class members because she failed to obtain a valid wage

12  assignment for each of the other class members.  Cal. Labor Code Sec. 300.

13  ### FIFTEENTH AFFIRMATIVE DEFENSE

14  ### (Failure to Meet Requirements for Class Action)

15  17.    Defendants are informed and believe, and based thereupon allege, that Plaintiff's

16  claims will not support class treatment because: they do not raise questions of law or fact that

17  predominate over individual legal or factual issues; they are not typical of the claims of the putative

18  class; Plaintiff is not an adequate or proper representatives of the putative class; and/or the action

19  fails to satisfy the legal standards for a class action.

20  ### SIXTEENTH AFFIRMATIVE DEFENSE

21  ### (No Waiver of Additional Defenses)

22  18.    As a separate affirmative defense, Defendants have insufficient knowledge or

23  information upon which to form a belief as to whether it may have additional, but as yet unstated,

24  affirmative defenses available.  Defendants reserve the right to amend this Answer to add, delete, or

25  modify defenses based upon legal theories that may or will be available following clarification of

26  Plaintiff's Complaint through discovery, or through further analysis of Plaintiff's claims in this

27  litigation.

28

-5-

DEFENDANTS' ANSWER TO COMPLAINT
Case No. CU-17-082392

4851-5701-8702.2

1

2 WHEREFORE, Defendants Hertz Local Edition Corporation, The Hertz Corporation, Hertz

3 Local Edition Transporting, Inc., Hertz Global Services Corporation, and Hertz Global Holdings, Inc.

4 pray judgment as follows:

5     1.    That the Complaint be dismissed with prejudice and in its entirety, and that Plaintiff

6 and the purported class members take nothing thereby;

7     2.    That Defendants be awarded their costs of suit, including reasonable attorneys' fees;

8 and

9     3.    That Defendants be awarded such other and further relief as the Court deems just and

10 proper.

11

12 Dated: September 18, 2017                          NIXON PEABODY LLP

13

14                                     By:  *Robert A. Dolinko*

15                                       Robert A. Dolinko

16                                       Charles M. Dyke
                                      Attorneys for Defendants

17                                       HERTZ LOCAL EDITION
                                      CORPORATION, THE HERTZ

18                                       CORPORATION, HERTZ LOCAL
                                      EDITION TRANSPORTING, INC.,

19                                       HERTZ GLOBAL SERVICES
                                      CORPORATION, AND HERTZ GLOBAL

20                                       HOLDINGS, INC.

21

22

23

24

25

26

27

28

                              -6-

4851-5701-8702.2

# PROOF OF SERVICE

**CASE NAME:**    Emy Johnston v. The Hertz Corporation, et al.
**COURT:**           Superior Court, County of Nevada
**CASE NO.:**       CU17-082392
**NP FILE:**         412307-000223

     I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is One Embarcadero Center, 18th Floor, San Francisco, California 94111. On this date, I served the following document(s):

## DEFENDANTS HERTZ LOCAL EDITION CORPORATION'S, THE HERTZ CORPORATION'S, HERTZ LOCAL EDITION TRANSPORTING, INC.'s, HERTZ GLOBAL SERVICES CORPORATION's, and HERTZ GLOBAL HOLDINGS, INC.'s ANSWER TO CLASS ACTION COMPLAINT

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

__X__:   By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

_____:   By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

_____:   By Overnight Courier/Express Mail — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

_____:   By Facsimile — From facsimile number 415-984-8300 at approximately_____, I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

_____:   By Electronic Mail/E-Filing — I caused each such document(s) to be served electronically on the person(s) listed below via their electronic email address listed.

Addressee(s)

David G. Spivak                                        Attorneys for Plaintiff
Caroline Tahmassian
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
Phone: 818 582-3086
Facsimile: 818 582-2561
david@spivaklaw.com
caroline@spivaklaw.com

PROOF OF SERVICE

4814-9733-4864.1

1

2      I declare under penalty of perjury that the foregoing is true and correct.  Executed on September 18,

3  2017 in San Francisco, California.

4

5                                                  Iris Leal

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4814-9733-4864.1

# EXHIBIT C

1  ROBERT A. DOLINKO (State Bar No. 076256)
   rdolinko@nixonpeabody.com
2  CHARLES M. DYKE (State Bar No. 183900)
   cdyke@nixonpeabody.com
3  NIXON PEABODY LLP
4  One Embarcadero; Suite 1800
   San Francisco, CA 94111
5  Telephone:  (415) 984-8200
   Facsimile:   (415) 984-8300
6

7  Attorneys for Defendants
8  HERTZ LOCAL EDITION CORP.; THE
   HERTZ CORPORATION; HERTZ GLOBAL HOLDINGS, INC.
9  HERTZ GLOBAL SERVICES CORP.; and HERTZ LOCAL EDITION
   TRANSPORTING, INC.

10

11              **UNITED STATES DISTRICT COURT**

12              **EASTERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14  EMY JOHNSTON, on behalf of herself and all others similarly situated,<br><br>15              Plaintiffs,<br><br>16<br>17              v.<br><br>18  THE HERTZ CORPORATION, a Delaware Corporation; HERTZ LOCAL<br>19  EDITION CORP., a Delaware Corporation; HERTZ LOCAL EDITION<br>20  TRANSPORTING, INC., a Delaware<br>21  Corporation; HERTZ GLOBAL SERVICES CORPORATION, a<br>22  Delaware Corporation; HERTZ GLOBAL HOLDINGS, INC., a<br>23  Delaware Corporation and DOES<br>24  1 to 50, inclusive,<br><br>25              Defendants | Case No.:<br><br>**DECLARATION OF SARA EARLS IN SUPPORT OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(a) and (d), AND 28 U.S.C. § 1441(b)** |

26

27

28

4815-6262-0751.3

---

## DECLARATION OF SARA EARLS

I, Sara Earls, hereby declare and state as follows:

1.    I am employed by The Hertz Corporation ("Hertz") as a Senior Human Resources Business Partner.    My office is presently located at 900 Doremus Avenue, Port Newark, New Jersey. I have been employed by Hertz since March 28, 2000, and I am familiar with Hertz' operations (and those of its domestic subsidiaries) in the United States.    In my position I have access to information and data regarding Hertz's business operations, and information regarding the overall direction, control and coordination of those activities.

2.    This declaration is based on my personal knowledge, and if called upon to testify as to the facts set forth in this declaration, I could and would competently testify to them.  To the extent this declaration is based upon business records, those records are kept in the regular course of business, entries are made on those records in a timely manner by people with knowledge of the information being entered, and it is the regular practice of Hertz's business to maintain such records.

3.    Hertz, which is a named Defendant in this case, is incorporated in the State of Delaware.  Its principal place of business, and the location from which its high level officers direct, control and coordinate the corporation's activities, is

located at the company's headquarters in Estero, Florida. Until a few years ago, Hertz had been headquartered in Park Ridge, New Jersey.

4.     Hertz Local Edition Corporation ("HLE") is incorporated in the State of Delaware. Its principal place of business, and the location from which its high level officers direct, control and coordinate HLE's activities, is located at the company's headquarters in Estero, Florida.

5.     Hertz Local Edition Transporting, Inc. ("HLET") is incorporated in the State of Delaware. Its principal place of business, and the location from which its high level officers direct, control and coordinate HLET's activities, is located at the company's headquarters in Estero, Florida.

6.     Hertz Global Service Corporation ("HGSC") is incorporated in the State of Delaware. Its principal place of business, and the location from which its high level officers direct, control and coordinate HGSC's activities, is located at the company's headquarters in Estero, Florida.

7.     Hertz Global Holdings, Inc. ("HGHI") is incorporated in the State of Delaware. Its principal place of business, and the location from which its high level officers direct, control and coordinate HGHI's activities, is located at the company's headquarters in Estero, Florida. HGHI's headquarters had been in Park Ridge, New Jersey until a few years ago.

- 2 -

8.    In my role as a Senior Human Resources Business Partner, I have access to personnel and payroll information regarding HLE employees and former HLE employees, including Plaintiff Emy Johnston.    According to corporate records available to me, Ms. Johnston was a full-time, salaried employee of HLE. According to the personnel records available to me, Ms. Johnston was an HLE Branch Manager from July 2012 until she resigned in March 2017.    Her final rate of pay with HLE as a Branch Manager in 2017 was $44,000 per year or $1,692.32 bi-weekly.    Her personnel records also reflect that she has lived in Reno, Nevada throughout her stint as a Branch Manager during the period 2012 through 2017. She has not worked for any Hertz entity aside from HLE since July 2012.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on September 19, 2017 at Port Newark, New Jersey.

_____

Sara Earls

4815-6262-0751.3

# EXHIBIT D

ROBERT A. DOLINKO (State Bar No. 076256)
rdolinko@nixonpeabody.com
CHARLES M. DYKE (State Bar No. 183900)
cdyke@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero; Suite 1800
San Francisco, CA 94111
Telephone:  (415) 984-8200
Facsimile:  (415) 984-8300

Attorneys for Defendants
HERTZ LOCAL EDITION CORP.; THE
HERTZ CORPORATION; HERTZ GLOBAL HOLDINGS, INC.
HERTZ GLOBAL SERVICES CORP.; and HERTZ LOCAL EDITION
TRANSPORTING, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMY JOHNSTON, on behalf of herself and all others similarly situated, <br><br>         Plaintiffs, <br><br>     v. <br><br> THE HERTZ CORPORATION, a Delaware Corporation; HERTZ LOCAL EDITION CORP., a Delaware Corporation; HERTZ LOCAL EDITION TRANSPORTING, INC., a Delaware Corporation; HERTZ GLOBAL SERVICES CORPORATION, a Delaware Corporation; HERTZ GLOBAL HOLDINGS, INC., a Delaware Corporation and DOES 1 to 50, inclusive, <br><br>         Defendants | Case No.: <br><br> **DECLARATION OF TIA JAMES IN SUPPORT OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(a) and (d), AND 28 U.S.C. § 1441(b)** |

-1-

DECLARATION OF TIA JAMES IN SUPPORT OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C.
§ 1332(a), 1332 (d) AND 28 U.S.C. § 1441(b)

I, Tia James, hereby declare and state as follows:

1.    I am employed by The Hertz Corporation ("Hertz") as its Senior Information Analyst, Corporate Payroll.  My office is located in Oklahoma City, Oklahoma.  I am familiar with Hertz's payroll data system, and in my position I have access to Hertz's computerized employment data and payroll information.

2.    Hertz's Corporate Payroll Department in Oklahoma City is responsible for generating payroll checks for all employees of Hertz and its domestic subsidiaries and operations, including Hertz Local Edition Corporation ("HLE"). The Corporate Payroll Department maintains these payroll records in the regular course of business, and it is the responsibility of our Department to do so.  Entries to the payroll system are made by individuals responsible for doing so, and the data is collected and stored in the data base to which I have access and with which I am familiar.

3.    In order to gather the data needed for this Declaration, I ran a payroll report listing all HLE Branch Managers employed in California from August 10, 2013 through August 10, 2017.  That report reflected that HLE employed 321 Branch Managers in California during this time period.  The report also included the total number of weeks that each of them worked (and for which they received paychecks).  Based on that report, the Branch Managers for California worked a total of 28,336 weeks during this time period.

4.    In addition, I ran a report regarding HLE Branch Managers employed in California whose employment terminated during the period August 10, 2014 through August 10, 2017.  There were 100 such employees whose employment terminated during that time period.

5.    The payroll report that I ran, which showed the number of weeks that each of the 321 Branch Managers worked from August 10, 2013 through August 10, 2017, also showed the salary that each of those Branch Managers was paid during

each year.  I determined the average salary for all Branch Managers for each year (2013 through 2017), and I then determined the average of those average annual salaries.  The average salary of a California HLE Branch Manager for the period 2013 through 2017 is $42,838.  Dividing that figure by 2080 (i.e., by 40 hours per week x 52 weeks) results in an hourly pay rate of approximately $20.60 per hour/ Thus, the average overtime hourly rate at time-and-one-half would be $30.90 per hour.

6.    I also ran a payroll report showing the number of bi-weekly paychecks and direct deposits with wage statements issued to California HLE Branch Managers during the period August 10, 2016 through August 10, 2017.  There were 3,707 wage statements issued to the Branch Managers during this one year period.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on September 19, 2017 at Oklahoma City, Oklahoma.

TIA JAMES

DECLARATION OF TIA JAMES IN SUPPORT OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(a), 1332 (d) AND 28 U.S.C. § 1441(b)

# EXHIBIT E

1  ROBERT A. DOLINKO (State Bar No. 076256)
   rdolinko@nixonpeabody.com
2  CHARLES M. DYKE (State Bar No. 183900)
   cdyke@nixonpeabody.com
3  NIXON PEABODY LLP
   One Embarcadero; Suite 1800
4  San Francisco, CA 94111
   Telephone:  (415) 984-8200
5  
   Facsimile:  (415) 984-8300
6  
7  Attorneys for Defendants
8  HERTZ LOCAL EDITION CORP.; THE
   HERTZ CORPORATION; HERTZ GLOBAL HOLDINGS, INC.
9  HERTZ GLOBAL SERVICES CORP.; and HERTZ LOCAL EDITION
   TRANSPORTING, INC.
10 

11              **UNITED STATES DISTRICT COURT**

12              **EASTERN DISTRICT OF CALIFORNIA**

13 

14 EMY JOHNSTON, on behalf of          Case No.:
   herself and all others similarly
15 situated,
                                        **DECLARATION OF JULIE ASHLEY**
16                                      **IN SUPPORT OF REMOVAL OF**
                                        **CIVIL ACTION UNDER 28 U.S.C. §**
17            Plaintiffs,               **1332(a) and (d), AND 28 U.S.C. §**
                                        **1441(b)**
18      v.

19 
   THE HERTZ CORPORATION, a
20 Delaware Corporation; HERTZ
   LOCAL EDITION CORP., a
21 Delaware Corporation; HERTZ
   LOCAL EDITION
22 TRANSPORTING, INC., a Delaware
   Corporation; HERTZ GLOBAL
23 SERVICES CORPORATION, a
   Delaware Corporation; HERTZ
24 GLOBAL HOLDINGS, INC., a
   Delaware Corporation and DOES
25 1 to 50, inclusive,
26 
27            Defendants
28 

                        -1-
                 **DECLARATION OF JULIE ASHLEY**

I, Julie Ashley, hereby declare and state:

1.    I am employed by The Hertz Corporation ("Hertz") as a Human Resources Business Partner ("HRBP") with responsibility for the Central Valley/Fresno area.  In this capacity, I provide employee relations advice and support for approximately 30 profit-center branches of Hertz Local Edition ("HLE") in the Central Valley/Fresno/Sacramento area of California.  I cover the Branches from Bakersfield north to Chico.  I also communicate regularly with colleagues in Southern California and the Bay Area and have an understanding of HLE operations in those geographies as well.  I have been employed by Hertz since March 2002, and have provided support to HLE operations since that time.  I make this declaration freely and voluntarily.

2.    This declaration is based on my personal knowledge and upon business records kept in the regular course of Hertz' business.  If called upon to testify as to the facts set forth in this declaration, I could and would competently testify to them.

3.    Over the years, I have worked regularly with HLE Branch Managers, Area Managers, and General Managers in California.

4.    HLE Branch Managers in California are responsible for the overall operation of one or more than one HLE rental facility.  This includes, among other managerial and supervisory duties, managing their branch's rental fleet, supervising and training of their employees, and growing their branch's revenues.  Based on my personal knowledge of Branch Operations in California, during any given week a Branch Manager works 45 hours, 50 hours, or sometimes more hours than that. Based on my involvement with and observations of HLE Branch operations, I am

///
///
///
///

1  confident that the overwhelming majority of Branch Managers in California work at

2  least 45 hours a week.

3       I declare under penalty of perjury that the foregoing is true and correct, and

4  that this declaration was executed on September 20, 2017 at Fresno, California.

5

6                                               Julie Ashley

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF JULIE ASHLEY**

# EXHIBIT A

8/21/12 @ 3pm

**SUMMONS** on First Amended Complaint
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

AUG 23 2017

NEVADA COUNTY
SUPERIOR COURTS

**NOTICE TO DEFENDANT:** THE HERTZ CORPORATION, a Delaware
*(AVISO AL DEMANDADO):* corporation; HERTZ LOCAL EDITION CORP., a
Delaware corporation; HERTZ LOCAL EDITION TRANSPORTING, INC., a
Delaware corporation; HERTZ GLOBAL SERVICES CORPORATION, a Delaware
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:** EMY JOHNSTON, on behalf of herself,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* and all others similarly situated,
and as an "aggrieved employee" on behalf of other "aggrieved employees" under the
Labor Code Private Attorneys General Act of 2004,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Nevada
201 Church Street
Nevada City, California 95959

CASE NUMBER: CU17-082392
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: David Spivak, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Suite 312, Encino, CA 91436

DATE:
*(Fecha)* AUG 23 2017

Clerk, by
*(Secretaria)* **T. Appleby**, Deputy
*(Adjunto)*

818-582-3086

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
NEVADA COUNTY SUPERIOR COURT
SUPERIOR COURT
◆◆◆
COURT
COUNTY OF NEVADA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* THE HERTZ CORPORATION, a Delaware corporation

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

**SUM-200(A)**

| SHORT TITLE: JOHNSTON, et al. v. THE HERTZ CORPORATION, et al. | CASE NUMBER: CU17-082392 |
| --- | --- |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

corporation; HERTZ GLOBAL HOLDINGS, INC., a Delaware corporation; and DOES 1 through 50, inclusive.

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) (Rev. January 1, 2007)

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Westlaw Doc & Form Builder

*8/24/17 @BPM*

| | **SUM-100** |

## SUMMONS on First Amended Complaint
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** THE HERTZ CORPORATION. a Delaware
*(AVISO AL DEMANDADO):* corporation; HERTZ LOCAL EDITION CORP., a
Delaware corporation; HERTZ LOCAL EDITION TRANSPORTING, INC., a
Delaware corporation; HERTZ GLOBAL SERVICES CORPORATION. a Delaware
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:** EMY JOHNSTON. on behalf of herself,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* and all others similarly situated.
and as an "aggrieved employee" on behalf of other "aggrieved employees" under the
Labor Code Private Attorneys General Act of 2004.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**

AUG 23 2017 ᵀᴬ

NEVADA COUNTY
SUPERIOR COURTS

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Nevada
201 Church Street
Nevada City, California 95959

CASE NUMBER: CU17-082392
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: David Spivak, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Suite 312, Encino, CA 91436

DATE:          AUG 23 2017                           Clerk, by      **T. Appleby**                    , Deputy
*(Fecha)*                                            *(Secretario)*                                    *(Adjunto)*

818-582-3086

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
NEVADA COUNTY SUPERIOR COURT
SUPERIOR COURT
COUNTY OF NEVADA CALIFORNIA

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* HERTZ LOCAL EDITION CORP., a Delaware corporation

   under: [X] CCP 416.10 (corporation)              [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Western Doc & Form Builder

SUM-200(A)

| SHORT TITLE: JOHNSTON, et al. v. THE HERTZ CORPORATION, et al. | CASE NUMBER:<br>CU17-082392 |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

corporation; HERTZ GLOBAL HOLDINGS, INC., a Delaware corporation; and DOES 1 through 50, inclusive.

Page ___1___ of ___1___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons .

Westlaw Doc & Form Builder-

*Reply OBPR*

| | |
|---|---|
| **SUMMONS** on First Amended Complaint<br>*(CITACION JUDICIAL)* | **SUM-100** |

**NOTICE TO DEFENDANT:** THE HERTZ CORPORATION. a Delaware
*(AVISO AL DEMANDADO):* corporation: HERTZ LOCAL EDITION CORP., a
Delaware corporation; HERTZ LOCAL EDITION TRANSPORTING, INC., a
Delaware corporation: HERTZ GLOBAL SERVICES CORPORATION, a Delaware
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:** EMY JOHNSTON, on behalf of herself,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* and all others similarly situated,
and as an "aggrieved employee" on behalf of other "aggrieved employees" under the
Labor Code Private Attorneys General Act of 2004.

*FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)*

**FILED**

AUG 23 2017

NEVADA COUNTY
SUPERIOR COURTS

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Nevada
201 Church Street
Nevada City, California 95959

CASE NUMBER:
*(Número del Caso):* CU17-082392

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: David Spivak, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Suite 312, Encino, CA 91436

| DATE:<br>*(Fecha)* AUG 23 2017 | Clerk, by<br>*(Secretario)* T. Appleby | 818-582-3086<br>, Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
NEVADA COUNTY SUPERIOR COURT
SUPERIOR
◆ ◆ ◆
COURT
COUNTY OF CALIFORNIA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* HERTZ LOCAL EDITION TRANSPORTING, INC., a Delaware corporation

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc. & Form Builder

SUM-200(A)

| | |
|---|---|
| SHORT TITLE: JOHNSTON, et al. v. THE HERTZ CORPORATION, et al. | CASE NUMBER:<br>CU17-082392 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

corporation; HERTZ GLOBAL HOLDINGS, INC., a Delaware corporation; and DOES 1 through 50, inclusive.

Page ___|___ of ___|___

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Westlaw Doc & Form Builder

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
AUG 10 2017
NEVADA COUNTY
SUPERIOR COURTS

**NOTICE TO DEFENDANT:** THE HERTZ CORPORATION, a Delaware
**(AVISO AL DEMANDADO):** corporation; HERTZ LOCAL EDITION CORP., a
Delaware corporation; HERTZ LOCAL EDITION TRANSPORTING, INC., a
Delaware corporation; HERTZ GLOBAL SERVICES CORPORATION, a Delaware
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
EMY JOHNSTON, on behalf of herself, and all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, County of Nevada
201 Church Street
Nevada City, California 95959

CASE NUMBER:
(Número del Caso):
CU17-082392

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: David Spivak, Esq.
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Suite 312, Encino, CA 91436                                   818-582-3086

DATE:                                   Clerk, by   **T. Appleby**            , Deputy
(Fecha)   AUG 10 2017           (Secretario)                                    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): Hertz Global Services Corporation

under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
       [ ] other (specify):

4. [X] by personal delivery on (date): 8/25/17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
WestLaw Doc & Form Builder

FILED BY FACSIMILE

SUM-200(A)

| | |
|---|---|
| SHORT TITLE: JOHNSTON, et al. v. THE HERTZ CORPORATION, et al. | CASE NUMBER: |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

corporation; HERTZ GLOBAL HOLDINGS, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Westlaw Doc & Form Builder™

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
AUG 10 2017 ™
NEVADA COUNTY
SUPERIOR COURTS

**FILED BY FACSIMILE**

**NOTICE TO DEFENDANT:** THE HERTZ CORPORATION, a Delaware
**(AVISO AL DEMANDADO):** corporation; HERTZ LOCAL EDITION CORP., a
Delaware corporation; HERTZ LOCAL EDITION TRANSPORTING, INC., a
Delaware corporation; HERTZ GLOBAL SERVICES CORPORATION, a Delaware
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
EMY JOHNSTON, on behalf of herself, and all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| CASE NUMBER: (Número del Caso): |
|---|
| CU17-082392 |

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, County of Nevada
201 Church Street
Nevada City, California 95959

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: David Spivak, Esq.
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Suite 312, Encino, CA 91436    818-582-3086

DATE:            Clerk, by            **T. Appleby**            , Deputy
(Fecha) AUG 10 2017            (Secretario)                (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Hertz Global Holdings Inc.

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☒ by personal delivery on (date): 8/25/17

[SEAL: NEVADA COUNTY SUPERIOR COURT ◆◆◆]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 455
www.courtinfo.ca.gov
Westlaw Doc & Form Builder℠

**SUM-200(A)**

| SHORT TITLE: JOHNSTON, et al. v. THE HERTZ CORPORATION, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

corporation; HERTZ GLOBAL HOLDINGS, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Westlaw Doc & Form Builder

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

David Spivak, Esq.    SBN: 179684
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Suite 312, Encino, CA 91436
TELEPHONE NO.: 818-582-3086    FAX NO.: 818-582-2561
ATTORNEY FOR *(Name):* Emy Johnston

**FILED**

AUG 10 2017

NEVADA COUNTY
SUPERIOR COURTS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NEVADA
STREET ADDRESS: 201 Church Street
MAILING ADDRESS: 201 Church Street
CITY AND ZIP CODE: Nevada City, 95959
BRANCH NAME: Nevada City Courthouse

CASE NAME: EMY JOHNSTON, et al. v. THE HERTZ CORPORATION, a Delaware corporation, et al.

FILED BY FACSIMILE

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | CM17-082392 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 10, 2017

David Spivak, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

DAVID G. SPIVAK (SBN 179684)
david@spivaklaw.com
CAROLINE TAHMASSIAN (SBN 285680)
caroline@spivaklaw.com
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Ste 312
Encino, CA 91436
Telephone (818) 582-3086
Facsimile (818) 582-2561

Attorneys for Plaintiff,
EMY JOHNSTON, and all others similarly situated
(additional attorneys listed on next page)

**FILED**
AUG 10 2017
NEVADA COUNTY
SUPERIOR COURTS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF NEVADA
### *(UNLIMITED JURISDICTION)*

| | |
|---|---|
| EMY JOHNSTON, on behalf of herself, and all others similarly situated,<br><br>            *Plaintiff(s)*,<br><br>            vs.<br><br>THE HERTZ CORPORATION, a Delaware corporation; HERTZ LOCAL EDITION CORP. a Delaware corporation; HERTZ LOCAL EDITION TRANSPORTING, INC., a Delaware corporation; HERTZ GLOBAL SERVICES CORPORATION, a Delaware corporation; HERTZ GLOBAL HOLDINGS, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>            *Defendant(s)*. | Case No.: **CU17-082392**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br>1.  Unpaid Overtime Wages (Lab. Code §§ 510, 1194, and 1198);<br>2.  Failure to Provide Rest Breaks (Lab. Code §§ 226.7 and 1198);<br>3.  Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512 and 1198);<br>4.  Failure to Indemnify (Lab. Code § 2802);<br>5.  Wage Statement Penalties (Lab. Code § 226);<br>6.  Waiting Time Penalties (Lab. Code §§ 201–203); and<br>7.  Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*).<br><br>**JURY TRIAL DEMANDED** |

## FILED BY FACSIMILE

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

1

*Johnston v. The Hertz Corporation, et al.*                                          Complaint

## ADDITIONAL ATTORNEY FOR PLAINTIFF

WALTER HAINES (SBN 71075)
     walter@whaines.com
UNITED EMPLOYEES LAW GROUP
5500 Bolsa Ave, Suite 201
Huntington Beach, CA 92649
Telephone:    (888) 474-7242
Facsimile:    (562) 256-1006

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

2

Johnston v. The Hertz Corporation, et al.

Complaint

Plaintiff EMY JOHNSTON (hereafter "Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this class action based on alleged violations of the California Labor Code, Industrial Welfare Commission Order No. 9-2001 (hereafter "the Wage Order"), and the Business and Professions Code against defendants THE HERTZ CORPORATION, HERTZ LOCAL EDITION CORP., HERTZ LOCAL EDITION TRANSPORTING, INC., HERTZ GLOBAL SERVICES CORPORATION, HERTZ GLOBAL HOLDINGS, INC., and Does 1-50, inclusive (collectively "Defendants").

2.     As set forth in more detail below, Plaintiff alleges that Defendants are liable to her and other similarly situated current and former employees for unpaid wages and other related relief. These claims are based on Defendants' alleged failures to (1) provide all rest and meal periods, (2) pay overtime wages, (3) indemnify for all business expenses, (4) fairly compete, (5) provide accurate written wage statements, and (6) timely pay final wages upon termination of employment. Accordingly, Plaintiff now seeks to recover unpaid wages and related relief through this class action.

## PARTIES

3.     Defendants continuously employed Plaintiff over six years as a salaried location manager at their Truckee, California location until approximately March of 2017 when Plaintiff resigned from her employment.

4.     Defendant THE HERTZ CORPORATION is a corporation organized under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

5.     Defendant HERTZ LOCAL EDITION CORP. is a corporation organized under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

6.     Defendant HERTZ LOCAL EDITION TRANSPORTING, INC. is a corporation organized under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

7.     Defendant HERTZ GLOBAL SERVICES CORPORATION is a corporation organized under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

8.     Defendant HERTZ GLOBAL HOLDINGS, INC. is a corporation organized

S P I V A K   L A W
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

3

under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

9.     Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as DOES 1-50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the complaint to allege the true names and capacities of the DOE defendants when ascertained.

10.     Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

11.     At all relevant times, in perpetrating the acts and omissions alleged herein, defendants, and each of them, acted pursuant to and in furtherance of a policy, practice, or a lack of a practice which resulted in Defendants not paying Plaintiff and other members of the below-described classes in accordance with applicable California labor laws as alleged herein.

12.     Plaintiff is informed and believes and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## CLASS ACTION ALLEGATIONS

13.     This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

14.     **Class Definition:**     The class is defined as follows: All persons employed by Defendants in California as salaried location managers, and in other comparable positions, at any time during the period beginning four years prior to the filling of this action and ending on



**S P I V A K   L A W**

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

4

the date that final judgment is entered in this action.

15. **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definition with greater specificity, by further division into subclasses and/or by limitation to particular issues.

16. **Numerosity:** The Class Members are so numerous that the individual joinder of each individual Class Member is impractical. While Plaintiff does not currently know the exact number of Class Members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

17. **Commonality and Predominance:** Common questions of law and fact exist as to all Class Members and predominate over any questions which affect only individual Class Members. These questions include, but are not limited to:

A.    Whether Defendants failed to provide the class with all rest periods as required by section 12 of the Wage Order?

B.    Whether Defendants failed to provide the class with all meal periods as required by section 11 of the Wage Order?

C.    Whether Defendants failed to pay overtime rates to the class for overtime hours worked?

D.    Whether Defendants failed to indemnify the class for all business expenses?

E.    Whether Defendants engaged in unfair competition within the meaning of Business and Professions Code §§ 17200, *et seq.*, with respect to the class?

F.    Whether Defendants knowingly and intentionally failed to provide the class with accurate wage statements?

G.    Whether Defendants willfully failed to provide the class with timely final wages?

18. **Typicality:** Plaintiff's claims are typical of the other Class Members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy which resulted in Defendants failing to comply with the California Labor Code and the Business and Professions Code as alleged herein.

19. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that she has no interests that are adverse to, or otherwise in conflict with, the interests of

SPIVAK LAW
Employee Rights Attorneys
16550 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-7561 Fax
SpivakLaw.com

5

*Johnson v. The Hertz Corporation, et al.*                                                    Complaint

absent Class Members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of Class Members. Plaintiff will fairly and adequately represent and protect the interests of Class Members.

20.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent Class Members, are experienced in wage and hour class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent Class Members.

21.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of Class Members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual Class Members are likely to be relatively small and would thus make it difficult, if not impossible, for individual Class Members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting Class Members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(Lab. Code §§ 510, 1194, and 1198)**

**(By Plaintiff and the Class against all Defendants)**

22.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

23.    At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 510 and 1194, and the Wage Order.

24.    In relevant part, Section 3 of the Wage Order states,

(A)    Daily Overtime - General Provisions

(1)    The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivaklaw.com

6

employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a)    One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b)    Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

25.    In relevant part, California Labor Code § 510 states,

"Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

26.    California Labor Code § 1194 makes it unlawful for employers to pay non-exempt employees less than legal overtime rates notwithstanding any agreements to the contrary.

27.    Labor Code § 1198 prohibits employers from employing their employees under conditions prohibited by the Wage Order.

28.    At all relevant times, Defendants paid Plaintiff and the Class Members a salary on a bi-weekly basis. Plaintiff and the Class Members at all relevant times worked over eight hours in one workday and over 40 hours in one workweek. Defendants, however, misclassified them as exempt salaried employees and failed to pay them for such hours at the legally required rates for overtime work in California.

29.    Further, Plaintiff and the Class Members spent more than fifty percent of their

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

7

Johnston v. The Hertz Corporation, et al.                                                    Complaint

time performing non-exempt duties such as answering phone calls, making reservations for the customers, cleaning cars, clearing the office, picking up customers, and taking the cars for an oil change or picking them up from impounds.

30.   Plaintiff and the Class Members were not exempt employees as defined by the Wage Order. They did not customarily and regularly direct the work of two or more other employees at all times. § 1(A)(1). Their duties were also not administrative in nature because they did not primarily engage in work "directly related to management policies or general business operations of" Defendants as required by the Wage Order. § 1(A)(2). They also did not "customarily and regularly exercise[] discretion and independent judgement" in the performance of their work duties. §§ 1(A)(1)(d), 1(A)(2)(b). At all relevant times, Plaintiff and the Class Members were also not overtime-exempt inside or outside salespersons. §§ 1(C)and 2(J). Despite this, Defendants intentionally misclassified Plaintiff and the Class Members as exempt employees.

31.   Defendants also failed to pay Plaintiff and the Class Members with a monthly salary equivalent of at least two (2) times California minimum wage at all relevant times. For example, for the majority of 2016, Defendants compensated Plaintiff with an annual salary of $40,000.22 or approximately $19.23 per hour [($40,000.22/52)/40=$19.23]. The California minimum wage has been $10.00 per hour since January 1, 2016.

32.   At all relevant times, Defendants failed to compensate Plaintiff for overtime hours worked at overtime rates by not compensating her for all hours worked in excess of eight hours in one day or forty hours in one workweek. Additionally, at all relevant times during the applicable limitations period, Defendants failed to compensate Plaintiff at overtime rates of two times her regular rate of pay for all hours worked in excess of twelve hours in one workday.

33.   Plaintiff is informed and believes and thereon alleges that, at relevant times, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants' failure to compensate the class overtime hours worked at overtime rates by not compensating them for all hours worked in excess of eight hours in one workday or forty hours in a one workweek. Additionally, Plaintiff is informed and believes and thereon alleges that, at relevant times, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants' failure to compensate the class at overtime rates of two times their regular rates of pay for all hours worked in excess of twelve hours in one workday.

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 212
Encino, CA 91436
(818) 582-3086 Tel
(818) 582 2561 Fax
Spivaklaw.com

*Johnston v. The Hertz Corporation, et al.*                                                                    Complaint

34.    As a result of Defendants' conduct, Plaintiff, on behalf of herself and the class, seeks damages and/or restitution for overtime wages which Defendants failed to pay them at the overtime rates set forth herein, interest thereon, costs of suit and reasonable attorney's fees pursuant to California Labor Code §§ 1194.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS

#### (Lab. Code §§ 226.7 and 1198)

#### (By Plaintiff and the Class against all Defendants)

35.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

36.    At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7, 1198, and the Wage Order.

37.    Labor Code § 1198 states,

> "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

38.    In relevant part, Section 12 of the Wage Order states:
> Rest Periods:

> (A)    Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate often (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

> (B)    If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

39.    In addition, Labor Code Section 226.7 states
> (b)    An employer shall not require an employee to work during a meal

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivak Law.com

or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)     If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

40.     Pursuant to the Wage Order, Plaintiff and the class were entitled to be provided with net rest breaks of at least ten minutes for each four hour period of work, or major fraction thereof.

41.     Defendants failed to provide Plaintiff with all required rest breaks in accordance with the Wage Order, including, but not limited to, three ten-minute rest periods on workdays they worked more than ten hours in a workday. Due to their workload, Plaintiff and the Class Members did not have enough time to take duty-free rest breaks. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants had a policy, practice, or a lack of a policy which resulted in Defendants not providing the Class Members with all rest breaks required by California law.

42.     Defendants failed to pay Plaintiff the additional wages required by California Labor Code § 226.7 for all rest breaks not provided to her. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with additional wages for all rest breaks not provided to them as required by California Labor Code § 226.7.

43.     As a result of Defendants' unlawful conduct, Plaintiff and the class have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all rest breaks not provided to them.

44.     By reason of the above, Plaintiff and the members of the class are entitled to premium wages for workdays in which one or more rest breaks were not provided to them pursuant to California Labor Code § 226.7.

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(Lab. Code §§ 226.7, 512, and 1198)**

**(By Plaintiff and the Class against all Defendants)**

45.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

46.    At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7, 512 and 1198, and the Wage Order.

47.    Labor Code § 1198 states,

> "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

48.    In relevant part, Labor Code Section 512 states

> "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

49.    In relevant part, Section 11 of the Wage Order states:

> "Meal Periods
>
> (A)    No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.
>
> (B)    An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C)    Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D)    If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

50.    Pursuant to California Labor Code § 512 and the Wage Order, Plaintiff and the class were entitled to be provided with uninterrupted meal periods of at least 30 minutes for each day they worked five or more hours. Pursuant to California Labor Code § 512 and the Wage Order, they were also entitled to a second 30-minute meal period when they worked more than 10 hours in a workday.

51.    During the relevant time period, Defendants failed to provide Plaintiff with all required meal periods in accordance with California Labor Code § 512 and the Wage Order, including, but not limited to, two 30-minute uninterrupted meal periods on workdays they worked more than ten hours in a workday. Due to their workload, Plaintiff and the Class Members did not have enough time to take duty-free meal periods. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with all meal periods required by California Labor Code § 512 and the Wage Order.

52.    Defendants failed to pay Plaintiff the additional wages required by California Labor Code § 226.7 for all meal periods not provided to her. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

12

Johnson v. The Hertz Corporation, et al.                                                        Complaint

providing the class with additional wages for all meal periods not provided to them as required by California Labor Code § 226.7.

53.    As a result of Defendants' unlawful conduct, Plaintiff and the class have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all meal periods not provided to them.

54.    By reason of the above, Plaintiff and the members of the class are entitled to premium wages for workdays in which one or more meal periods were not provided to them pursuant to California Labor Code § 226.7.

## FOURTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY

#### (Lab. Code § 2802)

#### (By Plaintiff and the Class against all Defendants)

55.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

56.    At all relevant times during the applicable limitations period, Plaintiff and the class have been entitled to the benefits and protections of California Labor Code and the Wage Order.

57.    In pertinent part, California Labor Code § 2802(a) states, "An employer shall indemnify his or her employee[s] for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties."

58.    At all relevant times during the applicable limitations period, Defendants required Plaintiff and the Class Members to use their personal mobile phones to communicate with their co-workers and supervisors. Defendants, however, failed to reimburse them for such expenses.

59.    Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants' failure to indemnify the class for the reasonable expenses they incurred in the course of performing their duties.

60.    By reason of the above, Plaintiff and the members of the class are entitled to reimbursement for all necessary expenditures and losses and interest due and owing to within four years (4) of the date of the filing of the Complaint until the date of entry of judgment pursuant to California Labor Code § 2802(b). Further, Plaintiff, on behalf of herself and the

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086Tel
(818) 582-2561 Fax
Spivaklaw.com

13

Johnston v. The Hertz Corporation, et al.                                                    Complaint

members of the class seek reasonable attorney's fees pursuant to Labor Code § 2802(c)

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE, WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiff and the Class against all Defendants)

61. Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

62. At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code § 226.

63. Pursuant to California Labor Code § 226(a), Plaintiff and the class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing: a) gross wages earned; b) net wages earned; c) all applicable hourly rates in effect during the pay period; and d) the corresponding number of hours worked at each hourly rate by the employee.

64. Pursuant to California Labor Code § 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

65. Pursuant to California Labor Code § 226(e), an employee is deemed to suffer injury if the employer fails to provide a wage statement. Also, an employee is deemed to suffer injury if the employer fails to provide accurate and complete information as required by California Labor Code § 226(a) and the employee cannot "promptly and easily determine" from the wage statement alone one or more of the following:

A. The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to California Labor Code § 226(a);

B. Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period;

C. The name and address of the employer and, if the employer is a farm



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd   Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

labor contractor, as defined in subdivision (b) of Section 1682 of the California Labor Code, the name and address of the legal entity that secured the services of the employer during the pay period; and

D.    The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

66.    "Promptly and easily determine," as stated in California Labor Code § 226(e), means a reasonable person would be able to readily ascertain the information without reference to other documents or information.

67.    As alleged herein, Defendants failed to provide Plaintiff and the class all wages owed, including but not limited to, overtime wages and all premium wages for unprovided rest and/or meal periods. As a result, Defendants have failed to properly and accurately itemize each employee's gross wages earned, net wages earned, the total hours worked, the corresponding number of hours worked by employees and other requirements of California Labor Code § 226. Further, Defendants failed to state the earned meal and rest period premium wages and their business expenses on Plaintiff and Class Members' itemized written wage statements. Defendants also incorrectly stated 80 hours on Plaintiff and the Class Members' wage statements knowing that they worked more than 80 hours during each bi-weekly pay period. As a result, Defendants have violated California Labor Code § 226.

68.    Defendants' failure to provide Plaintiff and the class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the class with accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

69.    As a result of being provided with inaccurate wage statements by Defendants, Plaintiff and the class have suffered injury. Their legal rights to receive accurate wage statements were violated and they were misled about the amount of wages they had actually earned and were owed. In addition, the absence of accurate information on their wage statements prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amounts of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records and/or has led to the submission of inaccurate information about wages to state and federal government agencies. Further, Plaintiff and the class were not able to ascertain from the wage statements whether

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivaklaw.com

15

Johnston v. The Hertz Corporation, et al.                                                                Complaint

Defendants complied with their obligations under California Labor Code § 226(a).

70.     Pursuant to California Labor Code § 226(e), Plaintiff and the class are entitled to recover the greater of actual damages, or penalties of fifty dollars ($50) for the initial pay period in which a violation of California Labor Code § 226(a) occurred and one hundred dollars for each violation of California Labor Code § 226(a) in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per class member, and are also entitled to an award of costs and reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### (Lab. Code §§ 201-203)

### (By Plaintiff and the Class against all Defendants)

71.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

72.     Labor Code § 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge.

73.     Labor Code § 202 provides that all earned and unpaid wages of an employee who quits after providing at least 72-hours notice before quitting are due and payable at the time of quitting and that all earned and unpaid wages of an employee who quits without providing at least 72-hours notice before quitting are due and payable within 72 hours.

74.     By failing to pay earned overtime and premium wages to Plaintiff and the Class Members, Defendants failed to timely pay them all earned and unpaid wages in violation of Labor Code § 201 or § 202.

75.     Labor Code § 203 provides that the wages of an employee continue on a daily basis as a penalty for up to 30 days where an employer willfully fails to timely pay earned and unpaid wages to the employee in accordance with Labor Code § 201 or § 202.

76.     Plaintiff is informed and believes that Defendants' failures to timely pay Plaintiff and the Class Members all of their earned and unpaid wages have been willful in that, at all relevant times, Defendants have deliberately maintained policies and practices that violate the requirements of the Labor Code and the Wage Order even though, at all relevant times, they have had the ability to comply with those legal requirements.

77.     Pursuant to Labor Code § 203, Plaintiff seeks waiting time penalties on behalf of herself and the Class Members, in amounts subject to proof not to exceed 30 days of waiting

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582 2561 Fax
Spivaklaw.com

time penalties for each class member.

## SEVENTH CAUSE OF ACTION

## UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff and the Class against all Defendants)

78.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

79.    At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of the Business and Professions Code §§ 17200, *et seq.*

80.    The unlawful conduct of Defendants alleged herein amount to and constitutes unfair competition within the meaning of California Business & Professions Code §§ 17200, *et seq.* Due to their unfair and unlawful business practices alleged herein, Defendants have unfairly gained a competitive advantage over other comparable companies doing business in California that comply with their legal obligations to compensate employees for all earned wages.

81.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the class have suffered injuries in fact and lost money or property. Plaintiff and the class were deprived of wages for all rest and meal periods not provided to them, for overtime hours worked for which they did not receive overtime wages and for unpaid wages resulting from not being provided with accurate wage statements. Defendants also failed to reimburse Plaintiff and the Class Members for the business expenses they incurred during their employment.

82.    Pursuant to California Business & Professions Code § 17203, Plaintiff and the class are entitled to restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of their unlawful and unfair business practices.

83.    Plaintiff and the class are entitled to reasonable attorneys' fees in connection with their unfair competition claims pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## PRAYER FOR RELIEF

84.    WHEREFORE, Plaintiff, on behalf of herself and the class, prays for relief and judgment against Defendants as follows:

A.    An order that the action be certified as a class action with respect to



**SPIVAK LAW**
Employee Rights Attorneys
16530 Ventura Blvd , Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivaklaw.com

17

Plaintiff's claims for violations of California law;

        B.      An order that Plaintiff be appointed class representative;

        C.      An order that counsel for Plaintiff be appointed class counsel;

        D.      Unpaid wages;

        E.      Statutory penalties;

        F.      Declaratory relief;

        G.      Actual damages;

        H.      Restitution;

        I.      Pre-judgment interest;

        J.      Costs of suit;

        K.      Interest;

        L.      Reasonable attorneys' fees; and

        M.      Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

    Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.

    Respectfully submitted,

                          THE SPIVAK LAW FIRM

Dated: August 9, 2017

                       By _____

                       DAVID SPIVAK, Attorney for Plaintiff, EMY JOHNSTON, and all others similarly situated

SPIVAK LAW

Employee Rights Attorneys
9454 Wilshire Blvd., Suite 303
Beverly Hills, CA 90212
Tel: 310-499-4730
Fax: 310-499-4739
SpivakLaw.com

| ATTORNEY OR PARTY WITHOUT AN ATTORNEY (name, address, phone and fax number) | For Court Use Only |
|---|---|
| BAR NO.: <br> ATTORNEY FOR  (name): <br> **Superior Court of California, County of Nevada** <br> 201 Church Street, Suite 5 <br> Nevada City, CA 95959 | **FILED** <br><br> AUG 10 2017 TV <br><br> NEVADA COUNTY <br> SUPERIOR COURTS |

| PLAINTIFF: EMY JOHNSTON | |
|---|---|
| DEFENDANT: THE HERTZ CORPORATION | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** <br> **AND ASSIGNMENT OF JUDICIAL OFFICER** | *CASE NUMBER* <br> CU17-082392 |

**NOTICE** is given that the within action has been assigned for all purposes to the **HONORABLE THOMAS M. ANDERSON** and that a Case Management Conference has been scheduled as follows:

| Date:  12/04/2017 | Time:  9:00 a.m. | Dept. 6 | Rm: 3rd Floor |
|---|---|---|---|

**Location: Nevada County Courthouse, 201 Church Street, Nevada City, CA 95959**

*The hearing set in this notice does not eliminate your obligation to file a response to the complaint as specified on the summons. Failure to do so may result in a default judgment.*

- You must file and serve a completed Case Management Statement form CM-110 **AT LEAST FIFTEEN DAYS** before the case management conference (California Rule of Court 3.725).  Strict compliance with California Rules of Court 3.110 required.

- You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

- At the case management conference the court may make pretrial orders, including the following:
    - Orders establishing discovery schedules and exchange of expert witness information;
    - Referral to judicial arbitration or other alternate dispute resolution with a date of completion;
    - Orders setting subsequent conferences and the trial date;
    - Other orders in furtherance of the Trial Court Delay Reduction Act (Gov. Code §68600 *et seq.*);

- Should the parties comply with California Rules of Court 3.110 and timely file their Case Management Statement, appearance at the case management conference may be waived.

- The court will issue a proposed order on Thursday before the conference.  The proposed order will be posted and available under the link "Tentative Rulings" on the court's web site (www.nevadacountycourts.com).  For further instructions and information see the Case Management Information Sheet.

- A copy of this Notice must be served on each party with the complaint or other initial pleading, including each new party brought in by way of cross-complaint, complaint in intervention, or other initial pleading.

Dated:   AUG 10 2017          by _____

**T. Appleby**

Court Services Assistant
T. Appleby

1  DAVID G. SPIVAK (SBN 179684)
       david@spivaklaw.com
2  CAROLINE TAHMASSIAN (SBN 285680)
       caroline@spivaklaw.com
3  THE SPIVAK LAW FIRM
   16530 Ventura Blvd., Ste 312
4  Encino, CA 91436
5  Telephone (818) 582-3086
   Facsimile (818) 582-2561
6

**FILED**

**AUG 23 2017** ℞

NEVADA COUNTY
SUPERIOR COURTS

7  Attorneys for Plaintiff,
8  EMY JOHNSTON, and all others similarly situated
   (additional attorneys listed on next page)

9

10        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11              **FOR THE COUNTY OF NEVADA**
                *(UNLIMITED JURISDICTION)*
12

13  EMY JOHNSTON, on behalf of herself, and all
    others similarly situated, and as an "aggrieved
14  employee" on behalf of other "aggrieved
15  employees" under the Labor Code Private
    Attorneys General Act of 2004,
16

17              *Plaintiff(s),*

18              vs.

19  THE HERTZ CORPORATION, a Delaware
    corporation; HERTZ LOCAL EDITION CORP.
20  a Delaware corporation; HERTZ LOCAL
    EDITION TRANSPORTING, INC., a Delaware
21  corporation; HERTZ GLOBAL SERVICES
22  CORPORATION, a Delaware corporation;
    HERTZ GLOBAL HOLDINGS, INC., a
23  Delaware corporation; and DOES 1 through 50,
24  inclusive,

25              *Defendant(s).*

26

Case No.: CU17-082392

**CLASS ACTION**

**FIRST AMENDED COMPLAINT FOR:**
1. Unpaid Overtime Wages (Lab. Code §§ 510, 1194, and 1198);
2. Failure to Provide Rest Breaks (Lab. Code §§ 226.7 and 1198);
3. Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512 and 1198);
4. Failure to Indemnify (Lab. Code § 2802);
5. Wage Statement Penalties (Lab. Code § 226);
6. Waiting Time Penalties (Lab. Code §§ 201–203);
7. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*); and
8. Civil Penalties (Lab. Code §§ 2698, *et seq.*).

**JURY TRIAL DEMANDED**

27
28

**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

1

*Johnston v. The Hertz Corporation, et al.*                    First Amended Complaint

1

## ADDITIONAL ATTORNEY FOR PLAINTIFF

2

WALTER HAINES (SBN 71075)
3     walter@whaines.com
UNITED EMPLOYEES LAW GROUP
4 5500 Bolsa Ave, Suite 201
Huntington Beach, CA 92649
5 Telephone:   (888) 474-7242
Facsimile:   (562) 256-1006
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

S P I V A K  L A W
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

2

Plaintiff EMY JOHNSTON (hereafter "Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class action based on alleged violations of the California Labor Code, Industrial Welfare Commission Order No. 9-2001 (hereafter "the Wage Order"), and the Business and Professions Code against defendants THE HERTZ CORPORATION, HERTZ LOCAL EDITION CORP., HERTZ LOCAL EDITION TRANSPORTING, INC., HERTZ GLOBAL SERVICES CORPORATION, HERTZ GLOBAL HOLDINGS, INC., and Does 1-50, inclusive (collectively "Defendants").

2.      As set forth in more detail below, Plaintiff alleges that Defendants are liable to her and other similarly situated current and former employees for unpaid wages and other related relief. These claims are based on Defendants' alleged failures to (1) provide all rest and meal periods, (2) pay overtime wages, (3) indemnify for all business expenses, (4) fairly compete, (5) provide accurate written wage statements, and (6) timely pay final wages upon termination of employment. Accordingly, Plaintiff now seeks to recover unpaid wages and related relief through this class action.

## PARTIES

3.      Defendants continuously employed Plaintiff over six years as a salaried location manager at their Truckee, California location until approximately March of 2017 when Plaintiff resigned from her employment. At all relevant times, Plaintiff was an "employee" within the meaning of Title 8 California Code of Regulations Section 11090 and an "aggrieved employee" within the meaning of Labor Code Section 2699(c).

4.      Defendant THE HERTZ CORPORATION is a corporation organized under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

5.      Defendant HERTZ LOCAL EDITION CORP. is a corporation organized under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

6.      Defendant HERTZ LOCAL EDITION TRANSPORTING, INC. is a corporation organized under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

7.      Defendant HERTZ GLOBAL SERVICES CORPORATION is a corporation organized under the laws of Delaware and also a citizen of California based on Plaintiff's

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(e)(8) 582-3639 (t)
(c)(3) 582-2511 (fax)
Spivak Law.com

3

Johnston v. The Hertz Corporation, et al.                    First Amended Complaint

information and belief.

8.    Defendant HERTZ GLOBAL HOLDINGS, INC. is a corporation organized under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

9.    Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as DOES 1-50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the complaint to allege the true names and capacities of the DOE defendants when ascertained.

10.    Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

11.    At all relevant times, in perpetrating the acts and omissions alleged herein, defendants, and each of them, acted pursuant to and in furtherance of a policy, practice, or a lack of a practice which resulted in Defendants not paying Plaintiff and other members of the below-described classes in accordance with applicable California labor laws as alleged herein.

12.    Plaintiff is informed and believes and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## CLASS ACTION ALLEGATIONS

13.    This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

14.    **Class Definition:**    The class is defined as follows: All persons employed by

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivaklaw.com

4

*Johnston v. The Hertz Corporation, et al.*                                                    First Amended Complaint

Defendants in California as salaried location managers, and in other comparable positions, at any time during the period beginning four years prior to the filling of this action and ending on the date that final judgment is entered in this action.

15.    **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definition with greater specificity, by further division into subclasses and/or by limitation to particular issues.

16.    **Numerosity:** The Class Members are so numerous that the individual joinder of each individual Class Member is impractical. While Plaintiff does not currently know the exact number of Class Members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

17.    **Commonality and Predominance:** Common questions of law and fact exist as to all Class Members and predominate over any questions which affect only individual Class Members. These questions include, but are not limited to:

A.    Whether Defendants failed to provide the class with all rest periods as required by section 12 of the Wage Order?

B.    Whether Defendants failed to provide the class with all meal periods as required by section 11 of the Wage Order?

C.    Whether Defendants failed to pay overtime rates to the class for overtime hours worked?

D.    Whether Defendants failed to indemnify the class for all business expenses?

E.    Whether Defendants engaged in unfair competition within the meaning of Business and Professions Code §§ 17200, *et seq.*, with respect to the class?

F.    Whether Defendants knowingly and intentionally failed to provide the class with accurate wage statements?

G.    Whether Defendants willfully failed to provide the class with timely final wages?

18.    **Typicality:** Plaintiff's claims are typical of the other Class Members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy which resulted in Defendants failing to comply with the California Labor Code and the Business and Professions Code as alleged herein.



SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3078 Tel
(818) 582-2561 Fax
SpivakLaw.com

5

19.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that she has no interests that are adverse to, or otherwise in conflict with, the interests of absent Class Members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of Class Members. Plaintiff will fairly and adequately represent and protect the interests of Class Members.

20.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent Class Members, are experienced in wage and hour class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent Class Members.

21.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of Class Members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual Class Members are likely to be relatively small and would thus make it difficult, if not impossible, for individual Class Members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting Class Members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES
### (Lab. Code §§ 510, 1194, and 1198)
### (By Plaintiff and the Class against all Defendants)

22.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

23.    At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 510 and 1194, and the Wage Order.

24.    In relevant part, Section 3 of the Wage Order states,

(A)    Daily Overtime - General Provisions

(1)    The following overtime provisions are applicable to employees 18

SPIVAK LAW

years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a)     One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b)     Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

25.     In relevant part, California Labor Code § 510 states,

"Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

26.     California Labor Code § 1194 makes it unlawful for employers to pay non-exempt employees less than legal overtime rates notwithstanding any agreements to the contrary.

27.     Labor Code § 1198 prohibits employers from employing their employees under conditions prohibited by the Wage Order.

28.     At all relevant times, Defendants paid Plaintiff and the Class Members a salary on a bi-weekly basis. Plaintiff and the Class Members at all relevant times worked over eight hours in one workday and over 40 hours in one workweek. Defendants, however, misclassified them as exempt salaried employees and failed to pay them for such hours at the legally required

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 t
(818) 582-2561 f
www.spivaklaw.com

*Johnston v. The Hertz Corporation, et al.*                                   First Amended Complaint

rates for overtime work in California.

29.    Further, Plaintiff and the Class Members spent more than fifty percent of their time performing non-exempt duties such as answering phone calls, making reservations for the customers, cleaning cars, clearing the office, picking up customers, and taking the cars for an oil change or picking them up from impounds.

30.    Plaintiff and the Class Members were not exempt employees as defined by the Wage Order. They did not customarily and regularly direct the work of two or more other employees at all times. § 1(A)(1). Their duties were also not administrative in nature because they did not primarily engage in work "directly related to management policies or general business operations of" Defendants as required by the Wage Order. § 1(A)(2). They also did not "customarily and regularly exercise[] discretion and independent judgement" in the performance of their work duties. §§ 1(A)(1)(d), 1(A)(2)(b). At all relevant times, Plaintiff and the Class Members were also not overtime-exempt inside or outside salespersons. §§ 1(C)and 2(J). Despite this, Defendants intentionally misclassified Plaintiff and the Class Members as exempt employees.

31.    Defendants also failed to pay Plaintiff and the Class Members with a monthly salary equivalent of at least two (2) times California minimum wage at all relevant times. For example, for the majority of 2016, Defendants compensated Plaintiff with an annual salary of $40,000.22 or approximately $19.23 per hour [($40,000.22/52)/40=$19.23]. The California minimum wage has been $10.00 per hour since January 1, 2016.

32.    At all relevant times, Defendants failed to compensate Plaintiff for overtime hours worked at overtime rates by not compensating her for all hours worked in excess of eight hours in one day or forty hours in one workweek. Additionally, at all relevant times during the applicable limitations period, Defendants failed to compensate Plaintiff at overtime rates of two times her regular rate of pay for all hours worked in excess of twelve hours in one workday.

33.    Plaintiff is informed and believes and thereon alleges that, at relevant times, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants' failure to compensate the class overtime hours worked at overtime rates by not compensating them for all hours worked in excess of eight hours in one workday or forty hours in a one workweek. Additionally, Plaintiff is informed and believes and thereon alleges that, at relevant times, Defendants have maintained a policy, practice, or a lack of a policy which

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivaklaw.com

8

*Johnston v. The Hertz Corporation, et al.*                                    First Amended Complaint

resulted in Defendants' failure to compensate the class at overtime rates of two times their regular rates of pay for all hours worked in excess of twelve hours in one workday.

34.     As a result of Defendants' conduct, Plaintiff, on behalf of herself and the class, seeks damages and/or restitution for overtime wages which Defendants failed to pay them at the overtime rates set forth herein, interest thereon, costs of suit and reasonable attorney's fees pursuant to California Labor Code §§ 1194.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS

### (Lab. Code §§ 226.7 and 1198)

### (By Plaintiff and the Class against all Defendants)

35.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

36.     At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7, 1198, and the Wage Order.

37.     Labor Code § 1198 states,

> "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

38.     In relevant part, Section 12 of the Wage Order states:

Rest Periods:

> (A)     Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate often (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

> (B)     If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
t: (818) 582-3086
f: (818) 582-2561
SpivakLaw.com

*Johnston v. The Hertz Corporation, et al.*                                    First Amended Complaint

39.    In addition, Labor Code Section 226.7 states

(b)    An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)    If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

40.    Pursuant to the Wage Order, Plaintiff and the class were entitled to be provided with net rest breaks of at least ten minutes for each four hour period of work, or major fraction thereof.

41.    Defendants failed to provide Plaintiff with all required rest breaks in accordance with the Wage Order, including, but not limited to, three ten-minute rest periods on workdays they worked more than ten hours in a workday. Due to their workload, Plaintiff and the Class Members did not have enough time to take duty-free rest breaks. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants had a policy, practice, or a lack of a policy which resulted in Defendants not providing the Class Members with all rest breaks required by California law.

42.    Defendants failed to pay Plaintiff the additional wages required by California Labor Code § 226.7 for all rest breaks not provided to her. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with additional wages for all rest breaks not provided to them as required by California Labor Code § 226.7.

43.    As a result of Defendants' unlawful conduct, Plaintiff and the class have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all rest breaks not provided to them.

44.    By reason of the above, Plaintiff and the members of the class are entitled to

SPIVAK LAW

Employees Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
spivaklaw.com

10

premium wages for workdays in which one or more rest breaks were not provided to them pursuant to California Labor Code § 226.7.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 226.7, 512, and 1198)

### (By Plaintiff and the Class against all Defendants)

45.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

46.     At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7, 512 and 1198, and the Wage Order.

47.     Labor Code § 1198 states,

"The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

48.     In relevant part, Labor Code Section 512 states

"An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

49.     In relevant part, Section 11 of the Wage Order states:

"Meal Periods

(A)     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivaklaw.com

*Johnston v. The Hertz Corporation, et al.*                              First Amended Complaint

(B)    An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C)    Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D)    If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

50.    Pursuant to California Labor Code § 512 and the Wage Order, Plaintiff and the class were entitled to be provided with uninterrupted meal periods of at least 30 minutes for each day they worked five or more hours. Pursuant to California Labor Code § 512 and the Wage Order, they were also entitled to a second 30-minute meal period when they worked more than 10 hours in a workday.

51.    During the relevant time period, Defendants failed to provide Plaintiff with all required meal periods in accordance with California Labor Code § 512 and the Wage Order, including, but not limited to, two 30-minute uninterrupted meal periods on workdays they worked more than ten hours in a workday. Due to their workload, Plaintiff and the Class Members did not have enough time to take duty-free meal periods. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with all meal periods required by California Labor Code § 512 and the Wage Order.

52.    Defendants failed to pay Plaintiff the additional wages required by California Labor Code § 226.7 for all meal periods not provided to her. Plaintiff is informed and believes



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
tel tel 562-208-3100
fax fax 562-201-8110
spivaklaw.com

12

and thereon alleges that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with additional wages for all meal periods not provided to them as required by California Labor Code § 226.7.

53.     As a result of Defendants' unlawful conduct, Plaintiff and the class have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all meal periods not provided to them.

54.     By reason of the above, Plaintiff and the members of the class are entitled to premium wages for workdays in which one or more meal periods were not provided to them pursuant to California Labor Code § 226.7.

## FOURTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY

### (Lab. Code § 2802)

### (By Plaintiff and the Class against all Defendants)

55.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

56.     At all relevant times during the applicable limitations period, Plaintiff and the class have been entitled to the benefits and protections of California Labor Code and the Wage Order.

57.     In pertinent part, California Labor Code § 2802(a) states, "An employer shall indemnify his or her employee[s] for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties."

58.     At all relevant times during the applicable limitations period, Defendants required Plaintiff and the Class Members to use their personal mobile phones to communicate with their co-workers and supervisors. Defendants, however, failed to reimburse them for such expenses.

59.     Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants' failure to indemnify the class for the reasonable expenses they incurred in the course of performing their duties.

60.     By reason of the above, Plaintiff and the members of the class are entitled to reimbursement for all necessary expenditures and losses and interest due and owing to within

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086
(818) 582-2561 fax
Spivak-law.com

13

four years (4) of the date of the filing of the Complaint until the date of entry of judgment pursuant to California Labor Code § 2802(b). Further, Plaintiff, on behalf of herself and the members of the class seek reasonable attorney's fees pursuant to Labor Code § 2802(c)

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE, WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiff and the Class against all Defendants)

61.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

62.    At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code § 226.

63.    Pursuant to California Labor Code § 226(a), Plaintiff and the class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing: a) gross wages earned; b) net wages earned; c) all applicable hourly rates in effect during the pay period; and d) the corresponding number of hours worked at each hourly rate by the employee.

64.    Pursuant to California Labor Code § 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

65.    Pursuant to California Labor Code § 226(e), an employee is deemed to suffer injury if the employer fails to provide a wage statement. Also, an employee is deemed to suffer injury if the employer fails to provide accurate and complete information as required by California Labor Code § 226(a) and the employee cannot "promptly and easily determine" from the wage statement alone one or more of the following:

A.    The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to California Labor Code § 226(a);

B.    Which deductions the employer made from gross wages to determine the

S P I V A K   L A W

14

Johnston v. The Hertz Corporation, et al.                    First Amended Complaint

net wages paid to the employee during the pay period;

C. The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682 of the California Labor Code, the name and address of the legal entity that secured the services of the employer during the pay period; and

D. The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

66. "Promptly and easily determine," as stated in California Labor Code § 226(e), means a reasonable person would be able to readily ascertain the information without reference to other documents or information.

67. As alleged herein, Defendants failed to provide Plaintiff and the class all wages owed, including but not limited to, overtime wages and all premium wages for unprovided rest and/or meal periods. As a result, Defendants have failed to properly and accurately itemize each employee's gross wages earned, net wages earned, the total hours worked, the corresponding number of hours worked by employees and other requirements of California Labor Code § 226. Further, Defendants failed to state the earned meal and rest period premium wages and their business expenses on Plaintiff and Class Members' itemized written wage statements. Defendants also incorrectly stated 80 hours on Plaintiff and the Class Members' wage statements knowing that they worked more than 80 hours during each bi-weekly pay period. As a result, Defendants have violated California Labor Code § 226.

68. Defendants' failure to provide Plaintiff and the class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the class with accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

69. As a result of being provided with inaccurate wage statements by Defendants, Plaintiff and the class have suffered injury. Their legal rights to receive accurate wage statements were violated and they were misled about the amount of wages they had actually earned and were owed. In addition, the absence of accurate information on their wage statements prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amounts of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records and/or has led to the

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 312
Encino, CA 91436
(818) 582-3086 Tel
(2 (2) 582-2561 Fax
Spivak Law.com

15

*Johnston v. The Hertz Corporation, et al.*                          First Amended Complaint

submission of inaccurate information about wages to state and federal government agencies. Further, Plaintiff and the class were not able to ascertain from the wage statements whether Defendants complied with their obligations under California Labor Code § 226(a).

70.   Pursuant to California Labor Code § 226(e), Plaintiff and the class are entitled to recover the greater of actual damages, or penalties of fifty dollars ($50) for the initial pay period in which a violation of California Labor Code § 226(a) occurred and one hundred dollars for each violation of California Labor Code § 226(a) in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per class member, and are also entitled to an award of costs and reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION

## WAITING TIME PENALTIES

### (Lab. Code §§ 201-203)

### (By Plaintiff and the Class against all Defendants)

71.   Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

72.   Labor Code § 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge.

73.   Labor Code § 202 provides that all earned and unpaid wages of an employee who quits after providing at least 72-hours notice before quitting are due and payable at the time of quitting and that all earned and unpaid wages of an employee who quits without providing at least 72-hours notice before quitting are due and payable within 72 hours.

74.   By failing to pay earned overtime and premium wages to Plaintiff and the Class Members, Defendants failed to timely pay them all earned and unpaid wages in violation of Labor Code § 201 or § 202.

75.   Labor Code § 203 provides that the wages of an employee continue on a daily basis as a penalty for up to 30 days where an employer willfully fails to timely pay earned and unpaid wages to the employee in accordance with Labor Code § 201 or § 202.

76.   Plaintiff is informed and believes that Defendants' failures to timely pay Plaintiff and the Class Members all of their earned and unpaid wages have been willful in that, at all relevant times, Defendants have deliberately maintained policies and practices that violate the requirements of the Labor Code and the Wage Order even though, at all relevant times, they have had the ability to comply with those legal requirements.

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
Spivaklaw.com

16

Johnston v. The Hertz Corporation, et al.                    First Amended Complaint

77.     Pursuant to Labor Code § 203, Plaintiff seeks waiting time penalties on behalf of herself and the Class Members, in amounts subject to proof not to exceed 30 days of waiting time penalties for each class member.

## SEVENTH CAUSE OF ACTION

## UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, et seq.)

### (By Plaintiff and the Class against all Defendants)

78.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

79.     At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of the Business and Professions Code §§ 17200, et seq.

80.     The unlawful conduct of Defendants alleged herein amount to and constitutes unfair competition within the meaning of California Business & Professions Code §§ 17200, et seq. Due to their unfair and unlawful business practices alleged herein, Defendants have unfairly gained a competitive advantage over other comparable companies doing business in California that comply with their legal obligations to compensate employees for all earned wages.

81.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and the class have suffered injuries in fact and lost money or property. Plaintiff and the class were deprived of wages for all rest and meal periods not provided to them, for overtime hours worked for which they did not receive overtime wages and for unpaid wages resulting from not being provided with accurate wage statements. Defendants also failed to reimburse Plaintiff and the Class Members for the business expenses they incurred during their employment.

82.     Pursuant to California Business & Professions Code § 17203, Plaintiff and the class are entitled to restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of their unlawful and unfair business practices.

83.     Plaintiff and the class are entitled to reasonable attorneys' fees in connection with their unfair competition claims pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

////

///

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582 3086 Tel
(818) 582 2561 Fax
Spivaklaw.com

17

## EIGHTH CAUSE OF ACTION

### CIVIL PENALTIES

### (By Plaintiff and the Class against all Defendants)

84.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

85.     Labor Code § 204 states

(a)     All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. ...

(b)     (1)     Notwithstanding any other provision of this section, all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

(2)     An employer is in compliance with the requirements of subdivision (a) of Section 226 relating to total hours worked by the employee, if hours worked in excess of the normal work period during the current pay period are itemized as corrections on the paystub for the next regular pay period. Any corrections set out in a subsequently issued paystub shall state the inclusive dates of the pay period for which the employer is correcting its initial report of hours worked.

(c)     However, when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees.

(d)     The requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period.

86.     Defendants paid wages to employees on regular intervals. Defendants failed to pay Plaintiff on such intervals for all wages earned and all hours worked. On information and belief, Plaintiff alleges that Defendants also failed to pay the aggrieved employees on such intervals for all wages earned and all hours worked.

87.     During the applicable time period, Defendants violated California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 246, 510, 512, 1194, 1198, and 2802.

88.     California Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on



SPIVAK LAW

Employee Rights Attorneys
15530 Ventura Blvd, Ste 312
Encino, CA 91436
(818) 582-3086T-1
(818) 582-2561 Fax
spivaklaw.com

18

behalf of themselves and other current or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in California Labor Code § 2699.3.

89.    Pursuant to California Labor Code §§ 2699(a) and (f), Plaintiff and the Class are entitled to recover civil penalties for each of the Defendants' violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 246, 510, 512, 1194, 1198, and 2802 during the applicable limitations period in the following amounts:

A.    For violations of California Labor Code § 204, one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee for each subsequent, willful or intentional violation (penalty amounts established by California Labor Code § 210).

B.    For violations of California Labor Code § 226(a), two hundred fifty dollars ($250.00) for each aggrieved employee for initial violation and one thousand dollars ($1,000.00) for each aggrieved employee for each subsequent violation (penalty amounts established by California Labor Code § 226.3).

C.    For violations of California Labor Code §§ 510 and 512, fifty dollars ($50.00) for each aggrieved employee for initial violation and one hundred dollars ($100.00) for each aggrieved employee for each subsequent violation, per pay period in addition to an amount sufficient to recover underpaid wages (penalty amounts established by California Labor Code § 558).

D.    For violations of California Labor Code §§ 201, 202, 203, 226.7, 246, 1194, 1198, and 2802, one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation (penalty amounts established by California Labor Code § 2699(f)(2)).

90.    Plaintiff has complied with the procedures for bringing suit specified in California Labor Code § 2699.3. By letter dated May 2, 2017, Plaintiff filed written notice online with the Labor and Workforce Development Agency ("LWDA") and gave written notice by certified mail to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Plaintiff accompanied her LWDA notice with a fee in the amount of $75.00. The LWDA has failed to

take action in response within 65 calendar days of the date of Plaintiff's notice, but Plaintiff anticipates that the LWDA will provide written notice to Plaintiff informing her that it does not intend to investigate these allegations.

91.     Pursuant to California Labor Code § 2699(g), Plaintiff and the aggrieved employees are entitled to an award of civil penalties, reasonable attorney's fees and costs in connection with their claims for civil penalties.

## PRAYER FOR RELIEF

92.     WHEREFORE, Plaintiff, on behalf of herself and the class, prays for relief and judgment against Defendants as follows:

A.     An order that the action be certified as a class action with respect to Plaintiff's claims for violations of California law;

B.     An order that Plaintiff be appointed class representative;

C.     An order that counsel for Plaintiff be appointed class counsel;

D.     Unpaid wages;

E.     Statutory penalties;

F.     Civil penalties;

G.     Declaratory relief;

H.     Actual damages;

I.     Restitution;

J.     Pre-judgment interest;

K.     Costs of suit;

L.     Interest;

M.     Reasonable attorneys' fees; and

N.     Such other relief as the Court deems just and proper.

///
///
///
///
///
///
///



SPIVAK LAW

Consumer Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

20

*Johnston v. The Hertz Corporation, et al.*                    First Amended Complaint

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: August 22, 2017

THE SPIVAK LAW FIRM

DAVID SPIVAK
CAROLINE TAHMASSIAN
Attorneys for Plaintiff, EMY JOHNSTON, and
all others similarly situated



**SPIVAK LAW**

Employee Rights Attorneys

21

*Johnston v. The Hertz Corporation, et al.*                    First Amended Complaint

# EXHIBIT B

By Fax

1   ROBERT A. DOLINKO (State Bar No. 076256)
    rdolinko@nixonpeabody.com
2   CHARLES M. DYKE (State Bar No. 183900)
    cdyke@nixonpeabody.com
3   NIXON PEABODY LLP
    One Embarcadero; Suite 1800
4   San Francisco, CA 94111
    Telephone: (415) 984-8200
5   Facsimile:  (415) 984-8300

6

7   Attorneys for Defendants
    HERTZ LOCAL EDITION CORP.; THE
8   HERTZ CORPORATION; HERTZ GLOBAL HOLDINGS, INC.
    HERTZ GLOBAL SERVICES CORP.; and HERTZ LOCAL EDITION
9   TRANSPORTING, INC.

B. JACOBSON


FILED

SEP 1 9 2017

Superior Court of the
State of California
County of Nevada

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                     FOR THE COUNTY OF NEVADA

12

13  EMY JOHNSTON, on behalf of herself and all       Case No. CU-17-082392
    others similarly situated,
14                                                    Assigned to Judge Thomas M. Anderson
15              Plaintiffs,
                                                      **CLASS ACTION**
16          v.
                                                      **DEFENDANTS HERTZ LOCAL EDITION
17  THE HERTZ CORPORATION, a Delaware                 CORPORATION'S, THE HERTZ
    Corporation; HERTZ LOCAL EDITION CORP.,           CORPORATION'S, HERTZ LOCAL
18  a Delaware Corporation; HERTZ LOCAL               EDITION TRANSPORTING, INC.'s,
    EDITION TRANSPORTING, INC., a Delaware            HERTZ GLOBAL SERVICES
19  Corporation; HERTZ GLOBAL SERVICES                CORPORATION's, and HERTZ GLOBAL
    CORPORATION, a Delaware Corporation;              HOLDINGS, INC.'s ANSWER TO CLASS
20  HERTZ GLOBAL HOLDINGS, INC., a                    ACTION COMPLAINT
    Delaware Corporation and DOES
21  1 to 50, inclusive.                               Action filed:       August 10, 2017
                                                      Trial date:         None Set
22

23

24          Defendants Hertz Local Edition Corporation, The Hertz Corporation, Hertz Local Edition

25  Transporting, Inc., Hertz Global Services Corporation, and Hertz Global Holdings, Inc. (collectively

26  referred to hereinafter as "Defendants") hereby respond to the unverified Complaint for Damages

27  ("Complaint") filed by Plaintiff Emy Johnston ("Plaintiff"). As used herein, the term "Plaintiff" also

28

4851-5701-8702.2

means and includes all others similarly situated on whose behalf the Complaint was purportedly filed.

## GENERAL DENIAL

1.     Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendants, and each of them, generally deny each and every allegation of the Complaint, including that this action may be maintained as a representative action or as a class action on behalf of others purportedly similarly situated, and/or the general public, and further deny that Plaintiff or anyone else on whose behalf the Complaint is purportedly brought is entitled to damages, statutory penalties, punitive damages, restitution, disgorgement, interest, attorneys' fees or costs, or any other form of legal or equitable relief.

## AFFIRMATIVE DEFENSES

2.     In addition, Defendants assert the affirmative defenses set forth herein.  By pleading these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

3.     The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

4.     The causes of action asserted in the Complaint are barred, in whole or in part, by the applicable statutes of limitations, including without limitation those set forth in California Code of Civil Procedure Sections 337, 338(a), 340(a) and 343, and California Business and Professions Code Section 17208.

### THIRD AFFIRMATIVE DEFENSE

#### (No Standing)

5.    Plaintiff lacks standing to sue on behalf of herself or the purported class of others similarly situated with respect to all or some of their causes of action in the Complaint or the requested relief.

### FOURTH AFFIRMATIVE DEFENSE

#### (Exempt)

6.    Defendants allege, based on information and belief, that the causes of action of Plaintiff's Complaint are barred because at all times relevant hereto, Plaintiff, and those similarly situated, were exempt from the overtime provisions of applicable California law (*i.e.*, under the executive and/or administrative exemptions).

### FIFTH AFFIRMATIVE DEFENSE

#### (Laches)

7.    Defendants are informed and believe that Plaintiff's causes of action are barred, in whole or in part, due to Plaintiff's unreasonable delay in notifying Defendants of the alleged actionable wrongs, which delays have resulted in prejudice to Defendants.

### SIXTH AFFIRMATIVE DEFENSE

#### (Waiver/Estoppel/Unclean Hands)

8.    Defendants are informed and believe that Plaintiff's causes of action are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or unclean hands, including without limitation because the acts alleged in the Complaint to be unlawful occurred, if at all, as a result of conduct, omissions, and/or with the consent and voluntary participation of Plaintiff and the purported class members.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Good Faith Wage Dispute)

9.    Although Defendants deny that they owe any amounts to Plaintiff or the purported class members, if it should be determined that amounts are owed, Defendants allege, based on

-3-

information and belief, that at all times relevant hereto a reasonable good faith dispute existed as to whether any such amounts were owed to Plaintiff and the purported class, pursuant to Labor Code Section 203 and/or Title 8, Section 13520 of the California Code of Regulations.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Constitutional Bar to Punitive Damages)

10.    While Defendants deny that they committed or have responsibility for any act that could support the recovery of punitive damages, to the extent such recovery is sought against Defendants, it is unconstitutional under the provisions of the United States Constitution and/or the California Constitution.

### NINTH AFFIRMATIVE DEFENSE

#### (Speculative Damages)

11.    Defendants allege, based on information and belief, that Plaintiff's and the purported class members' claims for damages are barred because they are speculative and uncertain.

### TENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

12.    Defendants allege, based on information and belief, that Plaintiff's claims for damages are barred in whole or in part to the extent Plaintiff and/or the purported class members' failed to mitigate, minimize, or avoid the damages alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

13.    Defendants allege, based on information and belief, that some or all of the purported causes of action of Plaintiff's Complaint are barred by Plaintiff's failure to have invoked and/or exhausted her administrative remedies.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Excessive Civil Penalties)

14.    In the event Plaintiff is awarded civil penalties on behalf of herself and/or other purportedly aggrieved employees as claimed in any of the Private Attorney General Act causes of

-4-

action in the Complaint, any such award is barred, or should be reduced, on the grounds that such award would be unjust, arbitrary, oppressive, or confiscatory within the meaning of California Labor Code Section 2699(e)(2).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Consent)

15.    Defendants allege, based on information and belief, that Plaintiff was provided with and had the opportunity to take meal periods or rest periods, but chose not to do so.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Obtain Valid Wage Assignment)

16.    Plaintiff, as representative for the other class members, may not pursue an unpaid wage claim on behalf of the other class members because she failed to obtain a valid wage assignment for each of the other class members.  Cal. Labor Code Sec. 300.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Meet Requirements for Class Action)

17.    Defendants are informed and believe, and based thereupon allege, that Plaintiff's claims will not support class treatment because: they do not raise questions of law or fact that predominate over individual legal or factual issues; they are not typical of the claims of the putative class; Plaintiff is not an adequate or proper representatives of the putative class; and/or the action fails to satisfy the legal standards for a class action.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Waiver of Additional Defenses)

18.    As a separate affirmative defense, Defendants have insufficient knowledge or information upon which to form a belief as to whether it may have additional, but as yet unstated, affirmative defenses available.  Defendants reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may or will be available following clarification of Plaintiff's Complaint through discovery, or through further analysis of Plaintiff's claims in this litigation.

1

2       WHEREFORE, Defendants Hertz Local Edition Corporation, The Hertz Corporation, Hertz

3   Local Edition Transporting, Inc., Hertz Global Services Corporation, and Hertz Global Holdings, Inc.

4   pray judgment as follows:

5       1.      That the Complaint be dismissed with prejudice and in its entirety, and that Plaintiff

6   and the purported class members take nothing thereby;

7       2.      That Defendants be awarded their costs of suit, including reasonable attorneys' fees;

8   and

9       3.      That Defendants be awarded such other and further relief as the Court deems just and

10  proper.

11

12  Dated: September 18, 2017                          NIXON PEABODY LLP

13

14                                              By:  _Robert A. Dolinko_____

15                                                  Robert A. Dolinko
                                                    Charles M. Dyke
16                                                  Attorneys for Defendants
                                                    HERTZ LOCAL EDITION
17                                                  CORPORATION, THE HERTZ
                                                    CORPORATION, HERTZ LOCAL
18                                                  EDITION TRANSPORTING, INC.,
                                                    HERTZ GLOBAL SERVICES
19                                                  CORPORATION, AND HERTZ GLOBAL
                                                    HOLDINGS, INC.
20

21

22

23

24

25

26

27

28
                                        -6-
                            DEFENDANTS' ANSWER TO COMPLAINT
                                 Case No. CU-17-082392

4851-5701-8702.2

1

**PROOF OF SERVICE**

2

| | |
|---|---|
| **CASE NAME:** | **Emy Johnston v. The Hertz Corporation, et al.** |
| **COURT:** | **Superior Court, County of Nevada** |
| **CASE NO.:** | **CU17-082392** |
| **NP FILE:** | **412307-000223** |

3

4

5      I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is One Embarcadero Center, 18th Floor, San Francisco, California 94111. On this date, I served the following document(s):

6

7

8

**DEFENDANTS HERTZ LOCAL EDITION CORPORATION'S, THE HERTZ CORPORATION'S, HERTZ LOCAL EDITION TRANSPORTING, INC.'s, HERTZ GLOBAL SERVICES CORPORATION's, and HERTZ GLOBAL HOLDINGS, INC.'s ANSWER TO CLASS ACTION COMPLAINT**

9

10

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

11

12   __X__:   By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

13

14

15   ____:   By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

16   ____:   By Overnight Courier/Express Mail — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

17

18   ___:   By Facsimile — From facsimile number 415-984-8300 at approximately____, I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

19

20

21   ___:   By Electronic Mail/E-Filing — I caused each such document(s) to be served electronically on the person(s) listed below via their electronic email address listed.

22   Addressee(s)

23   David G. Spivak                                      Attorneys for Plaintiff
     Caroline Tahmassian
24   THE SPIVAK LAW FIRM
     16530 Ventura Blvd., Ste. 312
25   Encino, CA 91436
     Phone: 818 582-3086
26   Facsimile: 818 582-2561
     david@spivaklaw.com
27   caroline@spivaklaw.com

28

PROOF OF SERVICE

I declare under penalty of perjury that the foregoing is true and correct.  Executed on September 18, 2017 in San Francisco, California.

Iris Leal

3

4814-9733-4864.1

# EXHIBIT C

ROBERT A. DOLINKO (State Bar No. 076256)
rdolinko@nixonpeabody.com
CHARLES M. DYKE (State Bar No. 183900)
cdyke@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero; Suite 1800
San Francisco, CA 94111
Telephone:  (415) 984-8200
Facsimile:   (415) 984-8300

Attorneys for Defendants
HERTZ LOCAL EDITION CORP.; THE
HERTZ CORPORATION; HERTZ GLOBAL HOLDINGS, INC.
HERTZ GLOBAL SERVICES CORP.; and HERTZ LOCAL EDITION
TRANSPORTING, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMY JOHNSTON, on behalf of herself and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>THE HERTZ CORPORATION, a Delaware Corporation; HERTZ LOCAL EDITION CORP., a Delaware Corporation; HERTZ LOCAL EDITION TRANSPORTING, INC., a Delaware Corporation; HERTZ GLOBAL SERVICES CORPORATION, a Delaware Corporation; HERTZ GLOBAL HOLDINGS, INC., a Delaware Corporation and DOES 1 to 50, inclusive,<br><br>        Defendants | Case No.:<br><br>**DECLARATION OF SARA EARLS IN SUPPORT OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(d) AND 28 U.S.C. § 1441(b)** |

4815-6262-0751.3

## DECLARATION OF SARA EARLS

I, Sara Earls, hereby declare and state as follows:

1.    I am employed by The Hertz Corporation ("Hertz") as a Senior Human Resources Business Partner.   My office is presently located at 900 Doremus Avenue, Port Newark, New Jersey.  I have been employed by Hertz since March 28, 2000, and I am familiar with Hertz' operations (and those of its domestic subsidiaries) in the United States.   In my position I have access to information and data regarding Hertz's business operations, and information regarding the overall direction, control and coordination of those activities.

2.    This declaration is based on my personal knowledge, and if called upon to testify as to the facts set forth in this declaration, I could and would competently testify to them.  To the extent this declaration is based upon business records, those records are kept in the regular course of business, entries are made on those records in a timely manner by people with knowledge of the information being entered, and it is the regular practice of Hertz's business to maintain such records.

3.    Hertz, which is a named Defendant in this case, is incorporated in the State of Delaware.  Its principal place of business, and the location from which its high level officers direct, control and coordinate the corporation's activities, is

located at the company's headquarters in Estero, Florida. Until a few years ago, Hertz had been headquartered in Park Ridge, New Jersey.

4.     Hertz Local Edition Corporation ("HLE") is incorporated in the State of Delaware. Its principal place of business, and the location from which its high level officers direct, control and coordinate HLE's activities, is located at the company's headquarters in Estero, Florida.

5.     Hertz Local Edition Transporting, Inc. ("HLET") is incorporated in the State of Delaware. Its principal place of business, and the location from which its high level officers direct, control and coordinate HLET's activities, is located at the company's headquarters in Estero, Florida.

6.     Hertz Global Service Corporation ("HGSC") is incorporated in the State of Delaware. Its principal place of business, and the location from which its high level officers direct, control and coordinate HGSC's activities, is located at the company's headquarters in Estero, Florida.

7.     Hertz Global Holdings, Inc. ("HGHI") is incorporated in the State of Delaware. Its principal place of business, and the location from which its high level officers direct, control and coordinate HGHI's activities, is located at the company's headquarters in Estero, Florida. HGHI's headquarters had been in Park Ridge, New Jersey until a few years ago.

8.    In my role as a Senior Human Resources Business Partner, I have access to personnel and payroll information regarding HLE employees and former HLE employees, including Plaintiff Emy Johnston.    According to corporate records available to me, Ms. Johnston was a full-time, salaried employee of HLE. According to the personnel records available to me, Ms. Johnston was an HLE Branch Manager from July 2012 until she resigned in March 2017.    Her final rate of pay with HLE as a Branch Manager in 2017 was $44,000 per year or $1,692.32 bi-weekly.    Her personnel records also reflect that she has lived in Reno, Nevada throughout her stint as a Branch Manager during the period 2012 through 2017. She has not worked for any Hertz entity aside from HLE since July 2012.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on September 19, 2017 at Port Newark, New Jersey.

_____
Sara Earls

4815-6262-0751.3

# EXHIBIT D

1  ROBERT A. DOLINKO (State Bar No. 076256)
   rdolinko@nixonpeabody.com
2  CHARLES M. DYKE (State Bar No. 183900)
3  cdyke@nixonpeabody.com
   NIXON PEABODY LLP
4  One Embarcadero; Suite 1800
5  San Francisco, CA 94111
   Telephone:  (415) 984-8200
6  Facsimile:   (415) 984-8300

7
8  Attorneys for Defendants
   HERTZ LOCAL EDITION CORP.; THE
9  HERTZ CORPORATION; HERTZ GLOBAL HOLDINGS, INC.
   HERTZ GLOBAL SERVICES CORP.; and HERTZ LOCAL EDITION
10 TRANSPORTING, INC.

11              **UNITED STATES DISTRICT COURT**

12              **EASTERN DISTRICT OF CALIFORNIA**

13

| 14 | EMY JOHNSTON, on behalf of herself and all others similarly situated, | Case No.: |
|---|---|---|
| 15 | | |
| 16 | | **DECLARATION OF TIA JAMES IN SUPPORT OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332 (d) AND 28 U.S.C. § 1441(b)** |
| 17 | Plaintiffs, | |
| 18 | v. | |
| 19 | | |
| 20 | THE HERTZ CORPORATION, a Delaware Corporation; HERTZ LOCAL EDITION CORP., a Delaware Corporation; HERTZ LOCAL EDITION TRANSPORTING, INC., a Delaware Corporation; HERTZ GLOBAL SERVICES CORPORATION, a Delaware Corporation; HERTZ GLOBAL HOLDINGS, INC., a Delaware Corporation and DOES 1 to 50, inclusive, | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | Defendants | |

DECLARATION OF TIA JAMES IN SUPPORT OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(d) AND 28 U.S.C. § 1441(b)

I, Tia James, hereby declare and state as follows:

1.    I am employed by The Hertz Corporation ("Hertz") as its Senior Information Analyst, Corporate Payroll.  My office is located in Oklahoma City, Oklahoma.  I am familiar with Hertz's payroll data system, and in my position I have access to Hertz's computerized employment data and payroll information.

2.    Hertz's Corporate Payroll Department in Oklahoma City is responsible for generating payroll checks for all employees of Hertz and its domestic subsidiaries and operations, including Hertz Local Edition Corporation ("HLE"). The Corporate Payroll Department maintains these payroll records in the regular course of business, and it is the responsibility of our Department to do so.  Entries to the payroll system are made by individuals responsible for doing so, and the data is collected and stored in the data base to which I have access and with which I am familiar.

3.    In order to gather the data needed for this Declaration, I ran a payroll report listing all HLE Branch Managers employed in California from August 10, 2013 through August 10, 2017.  That report reflected that HLE employed 321 Branch Managers in California during this time period.  The report also included the total number of weeks that each of them worked (and for which they received paychecks).  Based on that report, the Branch Managers for California worked a total of 28,336 weeks during this time period.

4.    In addition, I ran a report regarding HLE Branch Managers employed in California whose employment terminated during the period August 10, 2014 through August 10, 2017.  There were 100 such employees whose employment terminated during that time period.

5.    The payroll report that I ran, which showed the number of weeks that each of the 321 Branch Managers worked from August 10, 2013 through August 10, 2017, also showed the salary that each of those Branch Managers was paid during

DECLARATION OF TIA JAMES IN SUPPORT OF REMOVAL OF CIVIL ACTION

each year. I determined the average salary for all Branch Managers for each year (2013 through 2017), and I then determined the average of those average annual salaries. The average salary of a California HLE Branch Manager for the period 2013 through 2017 is $42,838. Dividing that figure by 2080 (i.e., by 40 hours per week x 52 weeks) results in an hourly pay rate of approximately $20.60 per hour/ Thus, the average overtime hourly rate at time-and-one-half would be $30.90 per hour.

6.    I also ran a payroll report showing the number of bi-weekly paychecks and direct deposits with wage statements issued to California HLE Branch Managers during the period August 10, 2016 through August 10, 2017. There were 3,707 wage statements issued to the Branch Managers during this one year period.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on September 19, 2017 at Oklahoma City, Oklahoma.

TIA JAMES

DECLARATION OF TIA JAMES IN SUPPORT OF REMOVAL OF CIVIL ACTION

# EXHIBIT E

1 ROBERT A. DOLINKO (State Bar No. 076256)
rdolinko@nixonpeabody.com
2 CHARLES M. DYKE (State Bar No. 183900)
cdyke@nixonpeabody.com
3 NIXON PEABODY LLP
One Embarcadero; Suite 1800
4 San Francisco, CA 94111
Telephone:  (415) 984-8200
5 Facsimile:   (415) 984-8300
6

7 Attorneys for Defendants
HERTZ LOCAL EDITION CORP.; THE
8 HERTZ CORPORATION; HERTZ GLOBAL HOLDINGS, INC.
HERTZ GLOBAL SERVICES CORP.; and HERTZ LOCAL EDITION
9 TRANSPORTING, INC.
10

11                          **UNITED STATES DISTRICT COURT**

12                          **EASTERN DISTRICT OF CALIFORNIA**

13

14 EMY JOHNSTON, on behalf of          Case No.:
herself and all others similarly
15 situated,                           **DECLARATION OF JULIE ASHLEY**
                                       **IN SUPPORT OF REMOVAL OF**
16                                     **CIVIL ACTION UNDER 28 U.S.C. §**
        Plaintiffs,                    **1332 (d) AND 28 U.S.C. § 1441(b)**
17
18      v.
19
THE HERTZ CORPORATION, a
20 Delaware Corporation; HERTZ
LOCAL EDITION CORP., a
21 Delaware Corporation; HERTZ
LOCAL EDITION
22 TRANSPORTING, INC., a Delaware
Corporation; HERTZ GLOBAL
23 SERVICES CORPORATION, a
Delaware Corporation; HERTZ
24 GLOBAL HOLDINGS, INC., a
Delaware Corporation and DOES
25 1 to 50, inclusive,
26
        Defendants
27
28

I, Julie Ashley, hereby declare and state:

1.    I am employed by The Hertz Corporation ("Hertz") as a Human Resources Business Partner ("HRBP") with responsibility for the Central Valley/Fresno area.  In this capacity, I provide employee relations advice and support for approximately 30 profit-center branches of Hertz Local Edition ("HLE") in the Central Valley/Fresno/Sacramento area of California.  I cover the Branches from Bakersfield north to Chico.  I also communicate regularly with colleagues in Southern California and the Bay Area and have an understanding of HLE operations in those geographies as well.  I have been employed by Hertz since March 2002, and have provided support to HLE operations since that time.  I make this declaration freely and voluntarily.

2.    This declaration is based on my personal knowledge and upon business records kept in the regular course of Hertz' business.  If called upon to testify as to the facts set forth in this declaration, I could and would competently testify to them.

3.    Over the years, I have worked regularly with HLE Branch Managers, Area Managers, and General Managers in California.

4.    HLE Branch Managers in California are responsible for the overall operation of one or more than one HLE rental facility.  This includes, among other managerial and supervisory duties, managing their branch's rental fleet, supervising and training of their employees, and growing their branch's revenues.  Based on my personal knowledge of Branch Operations in California, during any given week a Branch Manager works 45 hours, 50 hours, or sometimes more hours than that. Based on my involvement with and observations of HLE Branch operations, I am

///
///
///
///

1   confident that the overwhelming majority of Branch Managers in California work at

2   least 45 hours a week.

3         I declare under penalty of perjury that the foregoing is true and correct, and

4   that this declaration was executed on September 20, 2017 at Fresno, California.

5

6                                         Julie Ashley

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JULIE ASHLEY