UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMY JOHNSTON, | No. 2:17-cv-1966-JAM-EFB |
| Plaintiff, | |
| v. | <u>ORDER AFTER HEARING</u> |
| HERTZ LOCAL EDITION CORP., | |
| Defendant. | |

This case was before the court on April 3, 2019, for hearing on defendant's motion for leave to depose three members of the putative class. ECF No. 19. Attorney Robert Dolinko appeared on behalf of defendant. Attorney David Spivak appeared on behalf of plaintiff. For the reasons stated on the record, and as detailed further below, defendant's motion is denied.

I. <u>Background</u>

Plaintiff, Emy Johnston, brings this action on behalf of herself and all persons similarly situated against her former employer, defendant Hertz Local Edition Corporation. ECF No. 1 at 22-39. Plaintiff alleges that defendant misclassified her and putative class members as salaried employees and, consequently, unlawfully denied them overtime wages, rest breaks, meal periods, and other benefits non-exempt employees are legally entitled to receive. First Am. Compl. (ECF No. 1 at 46-56). Plaintiff claims that the putative class members were improperly classified as salaried employees because they spent more than fifty percent of their time performing non-

exempt duties, including answering phone calls, making reservations for customers, cleaning cars, cleaning the office, picking up customers, and taking cars for oil changes. *Id.* ¶ 29.

Defendant now moves for leave to depose three absent class members who were formerly employed by defendant. ECF No. 19.

II. <u>Legal Standards</u>

Generally, a party is not permitted to seek discovery from absent class members. *On the House Syndication, Inc. v. Federal Express Corp.*, 203 F.R.D. 452, 453 (S.D. Cal. 2001). However, district courts "have discretion to allow limited discovery from absent class members if the particular circumstances of a specific case justify it." *Bruseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1131 n.9 (9th Cir. 2017). Neither the Supreme Court nor the Ninth Circuit have provided guidance as to when discovery on absent class members is permitted. *Aldapa v. Fowler Packing Company Inc.*, 2019 WL 1047492, at *4 (E.D. Cal. Mar. 5, 2019) ("No Supreme Court or Ninth Circuit case law addresses the propriety of conducting discovery on absent class members."); *Arredondo v. Delano Farms Co.*, 2014 WL 5106401, at *4 (E.D. Cal. Oct. 10, 2014). But several district courts in this circuit have applied the standard articulated by the Seventh Circuit in *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340-41 (7th Cir. 1974). *Aldapa*, 19 WL 1047492 at *4; *see, e.g.*, *McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 517 (S.D. Cal. 2008); *Makaeff v. Trump Univ., LLC*, 2013 WL 990918, at * 7-8 (S.D. Cal. Mar. 12, 2013).

Under that standard, discovery on absent class members is permitted only where the party seeking discovery satisfies four criteria:

> (1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent.

*McPhail*, 251 F.R.D. at 517 (citing *Clark*, 501 F.2d at 340-42).

Other courts have articulated similar standards for assessing whether discovery from absent class members should be permitted. For instance, some courts have found that such discovery is permissible only "where a strong showing is made that the information sought (1) is

not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to common questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class." *House Syndication, Inc.*, 203 F.R.D. at 456 (citing *McCarthy v. Paine Webber Group*, Inc., 164 F.R.D. 309, 313 (D. Conn. 1995)); *see also Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *6 (N.D. Cal. July 8, 2008) (a party may obtain discovery from an absent class member "where the information sought is relevant, not readily obtainable from the representative parties or other sources, and the request is not unduly burdensome and made in good faith.").

As discussed below, under either standard, the circumstances present here do not warrant departing from the general rule as to the absent parties.

III. Discussion

Defendant seeks leave to depose absent class members Louis Nunez, Greggory Durando, and Aaron Donahue. Defendant contends that the depositions are needed to determine whether there are dissimilarities among the proposed class members with respect to plaintiff's claim of misclassification. ECF No. 20 at 7-9. According to defendant, these individuals were not required to record the hours they worked, the amount of time they devoted to various tasks, or how each task was performed. *Id*. at 9. Defendant contends that such information can only be obtained by deposing these three individuals. *Id*. at 9-10.

Plaintiff counters that the requested depositions are burdensome and will discourage class members from communicating with plaintiff's counsel and participating in the instant action. ECF No. 20 at 12-13. She further argues that the proposed deponents should not be subjected to the burden of a deposition since they have not injected themselves into this case. *Id*. at 14-15. Lastly, she argues that defendant's request is not made in good faith since the information could be easily obtained from the more than 100 putative class members it currently employs. *Id*. at 15-17.

As set forth above, discovery from absent class members is permitted only where the discovery is necessary. *Clark*, 501 F.2d at 340; *House Syndication, Inc.*, 203 F.R.D. at 456.

/////

Further, district courts are required to limit discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Here, defendant has failed to satisfy its burden of showing that the depositions are necessary to obtain information concerning the putative class members' job duties. At the hearing on its motion, defendant's counsel acknowledged that defendant currently employs more than 100 of the putative class members. Significantly, counsel also conceded that Mr. Nunez, Mr. Durando, and Mr. Donahue's employment was not unique from other managers defendant currently employs. Thus, it is apparent that defendant can obtain the information it needs by simply interviewing any number of the similarly situated managers it currently employs. Accordingly, there is no basis for concluding that these individuals possess critical information that cannot be obtained from defendant's own employees. Thus, the proposed depositions are not the only means by which defendant could obtained the information it seeks.

There is also no basis for subjecting these individuals to the burden of being deposed. None of the proposed deponents have joined this action, submitted declarations in support of plaintiff Johnston's claims, or otherwise injected themselves into this case. *See Antoninetti v. Chipotle, Inc.*, 2011 WL 2003292, at *1 (S.D. Cal. May 23, 2011) ("Although Courts do not usually allow discovery from absent class members, the rules pertaining to such discovery are flexible, especially where the proposed deponents have been identified as potential witnesses or have otherwise 'injected' themselves into the litigation."). At most, they have considered whether to join the action, but to date none have done so. Accordingly, these individuals would not reasonably expect that their participation in litigating this action is required. *See Fischer v. Wolfinbarger*, 55 F.R.D. 129, 132 (W.D. Ky. 1971) ("It is not intended that members of the class should be treated as if they were parties' plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason [behind Rule 23(a)(1) of the Federal Rules of Civil Procedure] would fail."). In contrast, it is not unreasonable for defendant to look to its employees—such as the managers defendant currently employs—to provide their employer with information concerning the various tasks they perform.

/////

IV. Conclusion

Accordingly, it is hereby ORDERED that defendant's motion for leave to depose three members of the putative class (ECF No. 19) is denied.

DATED: April 11, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE