DAVID G. SPIVAK (SBN 179684)
   david@spivaklaw.com
CAROLINE TAHMASSIAN (SBN 285680)
   caroline@spivaklaw.com
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Suite 203
Encino, CA 91436
Telephone:   (818) 582-3086
Facsimile:   (818) 582-2561

WALTER HAINES (SBN 71075)
   whaines@uelglaw.com
UNITED EMPLOYEES LAW GROUP
5500 Bolsa Ave, Suite 201
Huntington Beach, CA 92649
Telephone:   (562) 256-1047
Facsimile:   (562) 256-1006

Attorneys for Plaintiff,
EMY JOHNSTON, and all others similarly situated

**FILED**

MAY 04 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
   DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMY JOHNSTON, on behalf of herself, and all others similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Act of 2004,<br><br>*Plaintiff(s),*<br><br>vs.<br><br>HERTZ LOCAL EDITION CORP., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>*Defendant(s)* | Case No.: 2:17-cv-01966-JAM-EFB<br><br>[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT<br><br>Action filed:   08/10/2017<br>Hearing Date:  05/05/2020<br>Hearing Time:  1:30 pm<br>Hearing Court: 6, Hon. John. A. Mendez |

Plaintiff Emy Johnston's (hereafter referred to as "Plaintiff") Unopposed Motion for Preliminary Approval of a Class Action Settlement (the "Motion") was heard before the Court, the Honorable John A. Mendez, Judge presiding. The Court having considered the Motion, the Stipulation of Class Settlement and Release Between Plaintiff and Defendant ("Settlement" or "Settlement Agreement"), and supporting papers, HEREBY ORDERS THE FOLLOWING:

1. The Court grants preliminary approval of the Settlement and the Settlement Class based upon the terms set forth in the Settlement filed in support of the Motion. All capitalized terms used herein shall have the same meaning as defined in the Settlement. The Court has determined there is sufficient evidence to suggest that (a) the terms of the Settlement might be fair, adequate, and reasonable to the Settlement Class and (b) the Settlement falls within the range of reasonableness and appears to be presumptively valid, subject only to any objections that may be raised at the final hearing and final approval by this Court. The Court will make a determination at the hearing on the motion for final approval of class action settlement (the "Final Approval Hearing") of whether the Settlement is fair, adequate and reasonable to the Settlement Class.

2. For purposes of this Preliminary Approval Order, the "Settlement Class" means (1) the approximately 15 Branch Managers employed by HLEC in California, including Plaintiff, who (during certain weeks within the Settlement Class Period) were paid less than the minimum salary amount required to be exempt from overtime from August 2013 to the present (the "Salary Subclass"); and (2) the approximately 129 Branch Managers, District Managers and/or Territory Managers employed by HLEC in California, including Plaintiff, who (according to company records during certain weeks within the Settlement Class Period) supervised or managed less than two (2) full-time employees, or the equivalent part-time employees at any time from August 10, 2013 to the present (the "Under Supervised Subclass") (hereafter the two groups are referred to collectively as the "Settlement Class Members"). The "Effective Date" means ten (10) business days after either (a) if no objections are timely filed, the entry date of Final Approval Order of this Settlement Agreement by the Court; (b) if objections are filed but no appeal is filed, the expiration date of the time for filing notice of any appeal from the Order Granting Final Class Action Settlement Approval by the Court; or (c) if an appeal is filed, the latest of (i) the date of final affirmance of an appeal of that Order, (ii) the expiration of the time for a petition for review

1  or writ of certiorari with respect to the Order and, if review or certiorari is granted, the date of final affirmance of the Order following review pursuant to that grant; or (iii) the date of final dismissal of any appeal from the Order or the final dismissal of any proceeding on review or certiorari with respect to the Order that has the effect of confirming the Order.

3. This action is provisionally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure as a class action for purposes of settlement only with respect to the proposed Settlement Class.

4. The Court hereby preliminarily finds that the Settlement was the product of serious, informed, non-collusive negotiations conducted at arm's length by the Parties. In making this preliminary finding, the Court considered the nature of the claims set forth in the pleadings, the amounts and kinds of benefits which shall be paid pursuant to the Settlement, the allocation of Settlement proceeds to the Settlement Class, and the fact that the Settlement represents a compromise of the Parties' respective positions. The Court further preliminarily finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member. Accordingly, the Court preliminarily finds that the Settlement was entered into in good faith.

5. The essential monetary terms of the Settlement are as follows:

 a. Defendant HLEC's payment of a Gross Settlement Amount ("GSA") of $550,000;

 b. Plaintiff's Incentive Award of up to $15,000;

 c. Class Counsel's fees of not more than one-third of the GSA, or $183,333;

 d. Class Counsel's costs and expenses not to exceed $25,000;

 e. The Claims Administrator's costs not to exceed $10,000;

 f. Civil penalties under the California Private Attorneys General Act ("PAGA") of $10,000, of which 25% or $2,500 will be payable to the Settlement Class and 75% or $7,500 will be payable to the California Labor and Workforce Development Agency ("LWDA");

 g. The Net Settlement Amount ("NSA") is the net amount available for distribution to Settlement Class Members after payments have been made from the GSA for (i)

Plaintiff's Incentive Award; (2) Class Counsel's attorney's fees; (3) Class Counsel's costs and expenses; (4) Claims Administration Costs; (5) the portion of the PAGA payment payable to the LWDA; and (6) employer- and employee-side taxes.

6. The Court finds that the dates set forth in the Settlement for mailing and distribution of the Class Notice meet the requirements of due process and provide the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons entitled thereto, and directs the mailing of the Class Notice by first class mail to the Settlement Class as set forth in the Settlement. Accordingly, the Court orders the following implementation schedule for further proceedings:

a. Within thirty (30) business days following the date of this order (the "Preliminary Approval Date"), Defendant shall provide Phoenix Class Action Administration Solutions, the appointed Claims Administrator, with the first and last names, last-known addresses, telephone numbers, dates of employment, and full social security numbers of the Settlement Class Members ("Class List") for purposes of mailing Class Notices to Settlement Class Members. The Claims Administrator will keep the list confidential, use it only for the purposes described herein and take adequate safeguards to protect confidential or private information.

b. Within forty (40) business days following the Preliminary Approval Date, the Claims Administrator shall send a copy of the Class Notice and a pre-paid self-addressed return envelope (collectively referred to as the "Notice Packets") to all Settlement Class Members via first-class mail, postage prepaid, using the most current mailing address information available contained in the Class List. Any Notice Packets returned to the Claims Administrator as non-delivered before the expiration of the 45-calendar day Opt-Out Period for Settlement Class Members to mail Exclusion Forms shall be sent to the forwarding addresses affixed thereto. If no forwarding address is provided for a Notice Packet that is returned as non-delivered, then such Notice Packet will be re-sent by the Claims Administrator after the address is updated using the following skip-trace procedures: (1) run this Class List through the United States Postal Service's National Change of Address database; and (2) perform address searches using public and proprietary electronic resources which collect their data from various sources such as utility

4

records, property tax records, motor vehicle registration records, and credit bureaus. Undelivered Notice Packets will be re-sent within five (5) business days after the Claims Administrator receives notice that the Notice Packet was undeliverable. The objection deadline shall not be extended *pro-rata* for members of the Settlement Class whose original notices are re-mailed.

   c. Within forty-five (45) calendar days after the Claims Administrator mails the Notice Packet to Settlement Class Members, Settlement Class Members who wish to exclude themselves from the Settlement Agreement must postmark a request for exclusion from the Settlement ("Opt-Out").

   d. Within forty-five (45) calendar days after the Claims Administrator mails the Notice Packet to Settlement Class Members, Settlement Class Members who wish to object to the Settlement Agreement should mail a written statement of objection to the Claims Administrator.

   e. The Court will consider any written or oral objections or comments from Settlement Class Members at the time of the Final Approval Hearing, whether or not the comply with the objection procedure described above.

  7. The Court approves, as to form and content, the Class Notice (in substantially the form attached as Exhibit A to the Settlement).

  8. The Court approves, for settlement purposes only, David Spivak of The Spivak Law Firm and Walter Haines of the United Employees Law Group as Class Counsel.

  9. The Court approves, for settlement purposes only, Emy Johnston as the Class Representative.

  10. The Court approves Phoenix Class Action Administration Solutions as the Claims Administrator.

  11. The Court preliminarily approves Class Counsel's request for attorneys' fees and costs subject to final review by the Court.

  12. The Court preliminarily approves the estimated Claims Administration Costs payable to the Claims Administrator subject to final review by the Court.

  13. The Court preliminarily approves Plaintiff's Incentive Award subject to final review by the Court.

5

*Johnston v. Hertz local edition corp.*    *Proposed Order Preliminary Approving Class Action Settlement*

14. A Final Approval Hearing shall be ~~held on~~ set for _July 14_, 2020 at _~~6~~ 9:30_ .m. in Courtroom 6 on the 14th floor of the Robert T. Matsui United States Courthouse, United States District Court for the Eastern District of California, 501 "I" Street, Sacramento, CA 95814, to consider the fairness, adequacy and reasonableness of the proposed Settlement preliminarily approved by this Preliminary Approval Order, and to consider the application of Class Counsel for attorneys' fees and costs and the Incentive Award to the Class Representative. The notice of motion and all briefs and materials in support of the motion for final approval of class action settlement and motion for attorneys' fees and litigation costs shall be served and filed with this Court on or before _~~5~~ per_ court days before the Final Approval Hearing.

15. If for any reason the Court does not execute and file a final approval order and judgment, or if the Effective Date, as defined in the Settlement, does not occur for any reason, the proposed Settlement that is the subject of this order, and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo ante rights of the Parties to the litigation, as more specifically set forth in the Settlement.

16. The Court expressly reserves the right to adjourn or continue the Final Approval Hearing from time to time without further notice to members of the Class. The Plaintiff shall give prompt notice of any continuance to Settlement Class Members who object to the Settlement.

**IT IS SO ORDERED.**

_May 4, 2020_
DATE

_/s/ John A. Mendez_
HON. JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE